UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4174

MARVIN EUGENE SEXTON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert J. Staker, Senior District Judge.
(CR-96-30)

Submitted: April 21, 1998

Decided: May 5, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sean Eskovitz, WILLIAMS & CONNOLLY, Washington, D.C., for
Appellant. Rebecca A. Betts, United States Attorney, Ray M. Shep-
ard, Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Marvin Eugene Sexton pled guilty to being an accessory after the fact in a bank robbery, see 18 U.S.C. § 3 (1994), and was sentenced to a term of fifty-seven months imprisonment. Sexton appeals his sentence, alleging that the district court plainly erred in enhancing his sentence under USSG § 2B3.1* for an offense involving a theft exceeding $10,000, discharge of a firearm, and bodily injury to a victim. Sexton further contends that his attorney was ineffective in failing to object to the enhancements and he has moved to strike portions of the government's sealed brief on the ground that it refers to materials not presented to the district court. He has also moved for expedited oral argument, and for leave to file a supplemental appendix. For the reasons explained below, we affirm Sexton's sentence. We deny his motion to strike a portion of the government's brief, but grant leave to file the supplemental appendix. We deny the motion to expedite oral argument as moot.

On November 13, 1995, Sexton helped Charles Waldo, Jr., hot-wire a Ford Ranger pickup truck which was parked in a supermarket parking lot in Huntington, West Virginia. Sexton then drove the truck, with Waldo following in his van, to a restaurant. Waldo parked the van behind the restaurant, joined Sexton in the truck, and instructed him to drive to a mall. While Sexton waited in the truck, Waldo entered the mall and robbed a bank of over $27,000. He then returned to the truck and Sexton drove away. A deputy sheriff spotted the truck, which had been reported stolen, and followed it into a Taco Bell parking lot. When Sexton noticed the deputy's vehicle, he changed direction and attempted to leave the parking lot. A police officer responding to a call for assistance blocked Sexton's way, but Sexton drove the truck around the police car while Waldo began fir-

_____

*U.S. Sentencing Guidelines Manual (1995).

2

ing at the officer from the passenger window. A chase ensued, during which Waldo continued firing at the police car. One of his shots shattered the windshield of the deputy's car. The deputy received minor cuts on his face and scratches on the corneas of both eyes. Sexton finally pulled off the road and he and Waldo fled. Waldo was captured immediately. Sexton was picked up later but released because Waldo had not identified him as the accomplice. In January 1996, Sexton was identified as the driver of the truck, a fact Waldo then confirmed. Sexton later pled guilty to being an accessory after the fact to the bank robbery.

In calculating Sexton's sentence, the probation officer applied USSG § 2X3.1 (Accessory After the Fact). This guideline calls for use of the guideline for the underlying offense, reduced by six levels, and enhancements for any specific offense characteristics "that were known, or reasonably should have been known, by the defendant." USSG § 2X3.1, comment. (n.1). Accordingly, the probation officer applied USSG § 2B3.1 (Robbery). He recommended a seven-level enhancement for discharge of a firearm, see USSG § 2B3.1(b)(2)(A), a two-level enhancement for bodily injury to a victim under subsection (b)(3)(A), and a one-level enhancement for a loss over $10,000 under subsection (b)(6)(A). Sexton made no objection to the presentence report. However, the district court found that he had obstructed justice and added another two offense levels. See USSG § 3C1.1. Sexton was sentenced to a term of fifty-seven months, the low end of the guideline range.

On appeal, Sexton first argues that the district court plainly erred in making the three enhancements under USSG § 2B3.1 without (1) finding that Sexton knew or reasonably should have known how much money Waldo had stolen, knew or should have known that Waldo was armed or that Waldo would injure anyone, and (2) receiving evidence to support the enhancements. Because Sexton failed to contest the enhancements at sentencing, we review for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano , 507 U.S. 725, 731-32 (1993). Sexton must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). Moreover, even if he makes the required showing, we should not exercise our discretion to correct the error unless it "`seriously

3

affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

Here, the alleged error is a failure to make factual findings concerning enhancements which were undisputed at sentencing. Questions of fact which could have been resolved by the district court had objection been made at sentencing can never constitute plain error. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995). A finding of plain error in this case would necessitate resolution of a factual issue which is not plain or obvious. Factual determinations are not the province of the appeals court. Consequently, we find that the district court did not plainly err in accepting the undisputed recommendations in the presentence report.

Sexton claims that his attorney was ineffective in not objecting to the enhancements. In response, the government has suggested possible explanations for the attorney's failure to object. It is well established, however, that a claim of ineffective assistance of counsel should be raised in a motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1998), in the district court and not on direct appeal, unless it "conclusively appears" from the record that the attorney did not provide effective representation. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not establish conclusively that Sexton received ineffective assistance, we will not address the issue.

Accordingly, we affirm the sentence imposed. We deny Sexton's motion to strike portions of the government's sealed brief, but grant his motion to file a supplemental appendix. The motion to expedite oral argument is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4