**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                              No. 97-4327

TIMOTHY VINCENT AKUMEH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert E. Payne, District Judge.
(CR-96-468-A)

Submitted: June 30, 1998

Decided: August 6, 1998

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mark John Petrovich, MARTIN, ARIF & PETROVICH, Burke, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Patrice M. Mulkern, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Timothy Vincent Akumeh appeals his conviction for making a false statement on his United States passport application in violation of 18 U.S.C. § 1542 (1994). At the close of the Government's evidence, and again after his conviction, Akumeh unsuccessfully sought a judgment of acquittal under Fed. R. Crim. P. 29. In addition, Akumeh attempted to obtain a new trial under Fed. R. Crim. P. 33 on the grounds that a comment by the prosecutor in his opening statement was impermissibly inflammatory. In this appeal, Akumeh assigns error to these adverse rulings and claims that the district court erred in admitting the opinion evidence of a lay witness under Fed. R. Evid. 701. Because we find no merit to Akumeh's contentions, we affirm his criminal conviction.

During Akumeh's trial, the jury heard evidence that Akumeh sought a letter from the United States Passport Office stating that he had once been issued a passport. Luis Linares, a senior passport specialist for the United States Department of State, investigated Akumeh's request and found that on his 1989 application for a passport Akumeh stated that he was born in Hartford, Connecticut. Although this comported with what Akumeh had told Linares, Linares discovered that when Akumeh applied for a Social Security number in 1983, he listed his birthplace as the Volta Region in Ghana. In addition, the Government introduced significant evidence that there was no record of Akumeh's birth in Hartford and no record that Akumeh was a naturalized citizen of the United States. Despite Akumeh's Rule 29 motion suggesting that there was insufficient evidence to convict him, the district court allowed the case to go to the jury.

After the jury returned with a guilty verdict, Akumeh renewed his Rule 29 motion and filed a motion under Rule 33 suggesting that he was entitled to a new trial "in the interest of justice" because the prosecutor made a passing reference to the California criminal prosecution of O.J. Simpson. The district court denied both motions and sentenced Akumeh to six months probation. This appeal followed.

Akumeh first claims that his conviction was not supported by sufficient evidence and that the district court erred in denying his Rule 29 motion. Because the denial of a Rule 29 motion is reviewed under a sufficiency of the evidence standard, see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992), we consider Akumeh's challenge to the sufficiency of the evidence and his claim of error in denying his Rule 29 motion together. "To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir. 1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be `confined to cases where the prosecution's failure is clear.'" United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). During this inquiry, "this court is bound by the `credibility choices of the jury.'" United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). (quoting United States v. Arrington , 719 F.2d 701, 704 (4th Cir. 1983)).

In this case, there was no clear failure of evidence on the part of the prosecution. The jury made a reasonable inference that Akumeh was truthful in applying for his Social Security number. On that assumption, the verdict shows that the jury concluded that Akumeh was born in Ghana. This inference is properly premised not only on the Social Security application, but also on the testimony of three witnesses who were unable to find any evidence that Akumeh was born in Connecticut or that he had become a naturalized citizen. As a result, the jury was entitled to conclude that Akumeh was not born Hartford, Connecticut, and his statement to that effect on his passport application was a falsehood. Considered in a light most favorable to the Government, Akumeh's conviction was supported by sufficient evidence, and the district court did not err in denying Akumeh's Rule 29 motion.

Akumeh concedes that the information on one of the two applications was false. However, in support of his appeal, he contends that

3

the Government failed to prove beyond a reasonable doubt that it was the information on the passport application, as opposed to the information on his application for a Social Security number, that was false. Akumeh notes that if he was not born in a Hartford hospital in 1938, his birth would not have necessarily been recorded. In other words, if he were born at home, a record of his birth might not be contained in the files searched by the prosecution's witnesses. This fact, suggests Akumeh, completely undermines the usefulness of the witnesses' testimony in proving that he was not born in Hartford. Although the assertion forms the basis for the defense's theory of the case, it is an assertion that the jury did not act unreasonably in rejecting. Akumeh's own statement on his Social Security application provided evidence that he was born somewhere other than Hartford. The jury was entitled to credit that statement and determine that Akumeh used a falsehood to obtain a passport.

Akumeh next contends that the district court erred in allowing Linares to offer his lay opinion regarding whether Akumeh was a citizen. See Fed. R. Evid. 701. In general, district courts have broad discretion to admit lay opinion evidence--evidentiary rulings will be disturbed on appeal only for an abuse of discretion. See United States v. Fowler, 932 F.2d 306, 312 (4th Cir. 1991). Rule 701 states that lay opinion testimony is admissible where it is (1) rationally based on the perception of the witness and (2) "helpful" to a clear understanding of the witness's testimony or the determination of a fact in issue. See id.

Because Akumeh attempts to raise this claim of error for the first time in this court, our review of the issue is limited to a search for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Akumeh must show that an error occurred in the admission of the evidence, that the error was plain, and that the error affected his substantial rights. See id. at 732; United States v. Hastings, 134 F.3d 235, 239-40 (4th Cir.), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3758 (U.S., May 26, 1998) (No. 97-8732). Moreover, even if Akumeh makes the required showing, we should not exercise our discretion to correct the error unless it "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

4

The passport specialist stated that based on his inability to locate any record of Akumeh in the data banks of naturalized citizens, he concluded that Akumeh was not a citizen of the United States. Akumeh contends that Linares' conclusion fails to take into account the possibility that Akumeh was born in the United States and obtained citizenship by virtue of jus soli. However, Linares testified that through his investigation, he was unable to verify that Akumeh was born in Connecticut as he claimed. On that information, Linares logically concluded that Akumeh must have been born elsewhere, had not been naturalized and was not, therefore, a citizen of the United States. In light of this chain of logic, Linares' opinion was rationally based on his perceptions. Even assuming that there were other rational conclusions to be drawn from Linares' perceptions, as Akumeh suggests, Linares' conclusion was not so overwhelmingly irrational as to amount to plain error for the district court to admit in evidence.

Finally, Akumeh claims that the district court erred in denying his motion for a new trial. This court reviews a denial of a motion for new trial for an abuse of discretion. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). An abuse of the district court's discretion occurs when the court either fails to take into account judicially recognized factors constraining the exercise of its discretion or relies on erroneous legal or factual premise. See James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993). Akumeh makes no suggestion of error of this magnitude.

Akumeh's motion for a new trial was premised on a single comment the prosecutor made in his opening argument. Attempting to explain the nature of the case to the jury, the prosecutor stated that Akumeh's trial was "not the O.J. Simpson case." Akumeh did not object to the comment. In his argument in support of the motion for a new trial, Akumeh claimed that the comment was impermissibly prejudicial in that it inappropriately placed pressure on the entirely white jury to convict Akumeh. In declining to grant Akumeh's motion on this basis, the district court considered the correct standard, see United States v. Mitchell, 1 F.3d 235, 241 (4th Cir. 1993), and did not rely on any erroneous factual premises. As a result, we conclude that there was no abuse of discretion.

Applying the Mitchell factors, the district court correctly described the comment as isolated and not misleading. In addition, the court

5

noted that the evidence establishing Akumeh's guilt was "quite exten-sive." See id. Akumeh primarily suggests that the district court did not afford the appropriate weight to the various factors of the Mitchell analysis. This contention does not suggest an abuse of the district court's discretion. Instead, the court applied the facts of the case to the correct standard in considering Akumeh's motion for a new trial. See James, 6 F.3d at 239. We find that Akumeh's claim of error on this front is meritless.

Accordingly, we affirm Akumeh's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

6