**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 94-5670

ERVIS LAMONT HASTINGS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 94-5756

MITCHELL IVAN BOLDER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 94-5841

VIVIAN MAE RENFRO,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 95-5078

JAMES MICHAEL PHILLIPS,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-94-29-P)

Argued: October 2, 1997

Decided: January 14, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
HERLONG, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed in part and dismissed in part by published opinion. Judge
Wilkins wrote the opinion, in which Judge Murnaghan and Judge
Herlong joined.

_____

**COUNSEL**

**ARGUED:** John Stuart Bruce, Deputy Federal Public Defender,
Greensboro, North Carolina, for Appellant Phillips; Theofanis Xeno-
phon Nixon, GOODMAN, CARR, NIXON, LAUGHRUN &
LEVINE, Charlotte, North Carolina, for Appellant Bolder; Edward
Anthony Fiorella, Jr., HARKEY, LAMBETH, NYSTROM & FIO-
RELLA, Charlotte, North Carolina, for Appellant Hastings; Rodney
Shelton Toth, Charlotte, North Carolina, for Appellant Renfro. Robert
James Conrad, Jr., Assistant United States Attorney, Charlotte, North
Carolina, for Appellee. **ON BRIEF:** Mark T. Calloway, United States
Attorney, Charlotte, North Carolina, for Appellee.

_____

**OPINION**

WILKINS, Circuit Judge:

James Michael Phillips appeals his convictions and sentence for using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1) (West Supp. 1997); conspiracy to possess with the intent to distribute cocaine and cocaine base, see 21 U.S.C.A. § 846 (West Supp. 1997); and possession with the intent to distribute cocaine and cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1981).**1** We address at length only Phillips' assertion that his conviction for using or carrying a firearm during and in relation to a drug trafficking offense must be reversed in light of the subsequent decision of the Supreme Court in Bailey v. United States, 116 S. Ct. 501 (1995). Because we conclude that Phillips cannot meet the strictures of plain-error review of his claim that the district court erroneously instructed the jury regarding the meaning of the term "use" under § 924(c)(1), and because his remaining challenges lack merit, we affirm.

I.

From 1992 until his arrest in February 1994, Phillips participated in a large-scale drug distribution ring in Charlotte, North Carolina. Phillips received quantities of cocaine base from the leader of the operation, repackaged the drugs into single-dosage units, and sold them with the assistance of Jerald Westberry and others.

In late January 1994, undercover government agents arranged to purchase a quantity of cocaine base from Phillips. On February 2, the date of the proposed sale, Phillips traveled to a designated location

_____

**1** Phillips' coconspirators--Ervis Lamont Hastings, Mitchell Ivan Bolder, and Vivian Mae Renfro--appeal the sentences imposed pursuant to their pleas of guilty to various charges. We conclude that the challenges raised by Hastings and Bolder are without merit and accordingly affirm as to them. Because Renfro failed to file a timely notice of appeal and we cannot conclude that the district court abused its discretion in determining that Renfro failed to show excusable neglect, see Fed. R. App. P. 4(b), we dismiss her appeal.

3

with Leigh Tucker and Westberry; Tucker drove her automobile, Phillips rode in the front passenger seat, and Westberry sat in the back. Before departing, Phillips retrieved a pistol from an upstairs closet in his apartment and loaded the weapon with ammunition stored in the kitchen. He then placed the firearm in an interior pocket of his coat and walked to Tucker's vehicle, where he stored the pistol in the console to his left, within easy reach.

Phillips, Tucker, and Westberry met the "buyers" in a grocery store parking lot. The parties agreed to consummate the sale at another location and proceeded toward that destination. Before they arrived, however, law enforcement officers signaled Tucker to stop. As she did so, Phillips removed the firearm from the console and handed it to Westberry, who unsuccessfully attempted to conceal it. All of the occupants of the vehicle were arrested. Phillips' subsequent conviction for using or carrying a firearm during and in relation to a drug trafficking offense was based upon this incident.

II.

Phillips argues that his conviction for using or carrying a firearm during and in relation to a drug trafficking offense, see 18 U.S.C.A. § 924(c)(1), must be reversed because the evidence is insufficient to support it and because the district court erroneously instructed the jury regarding the meaning of the term "use" under the statute. Phillips bases these contentions on the decision of the Supreme Court in Bailey v. United States, 116 S. Ct. 501 (1995). In Bailey, the Court held that in order to obtain a conviction under § 924(c)(1) for using a firearm during and in relation to a drug trafficking offense, the Government must establish that the defendant actively employed the weapon by, e.g., "brandishing, displaying, bartering, striking with, [or] ... firing or attempting to fire" it. Id. at 508. Although we agree with Phillips that the evidence, when considered in light of Bailey, is insufficient to support a conviction for using a firearm and that the district court gave an erroneous instruction regarding the meaning of "use," we nevertheless conclude that affirmance of the conviction is appropriate.

4

A.

Phillips first maintains that the evidence is insufficient to support a finding that he "used" a firearm within the meaning of § 924(c)(1).**2** In considering this argument, we must determine whether there is substantial evidence, viewed in the light most favorable to the Government, to support the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Here, the evidence establishes that Phillips, in preparation for a drug transaction, retrieved a firearm from a closet, loaded it, carried it to Tucker's vehicle, and stored it within easy reach where it remained throughout the meeting with the purported purchasers. The Government concedes that this evidence is insufficient to support a conviction for using a firearm in the post-Bailey sense of that term. And, although we are not bound by the Government's concession, see Sibron v. New York, 392 U.S. 40, 58 (1968), we agree that the evidence presented does not allow a rational jury to conclude that Phillips actively employed the weapon during and in relation to a drug trafficking offense. Nevertheless, we reject Phillips' sufficiency challenge because the evidence, although inadequate to support a conviction for using a firearm, is more than sufficient to warrant a conviction on the basis that Phillips carried a firearm. See United States v. Mitchell, 104 F.3d 649, 652-54 (4th Cir. 1997) (holding evidence that defendant "knowingly possessed and transported [a] firearm in his automobile" adequate to support a finding that defendant "carried" the firearm for purposes of § 924(c)(1)); see also Griffin v. United States, 502 U.S. 46, 56-60 (1991) (explaining that when a case is submitted to a jury on two theories and the jury returns a general verdict of guilty, affirmance is appropriate so long as the evidence is sufficient to support a conviction on either theory).

B.

Phillips next argues that his conviction is invalid because the district court improperly instructed the jury regarding the meaning of the

_____

**2** Phillips does not challenge the adequacy of the evidence supporting a finding that the firearm was used or carried "during and in relation to ... [a] drug trafficking crime." 18 U.S.C.A. § 924(c)(1).

5

term "use" as that term is employed in § 924(c)(1). At the close of trial, the district court instructed the jury that it must convict Phillips of the § 924(c)(1) charge if it found that he had "used or carried the firearm." J.A. 549. The district court then elaborated on the meaning of the term "use":

> A firearm can be used in relation to a felony involving drug trafficking if the person possessing it intended to use the gun as a contingency arose, for example, to protect himself or make escape possible. It is not necessary that the firearm actually be used, displayed or in the defendant's actual possession. It is sufficient if the possessor of the firearm intended to have it available for use during the commission of a drug crime.

> You may also find that the defendant used a firearm in violation of 924(c)(1) if you find that the firearm was an integral part in a criminal undertaking and its availability increased the likelihood that the criminal undertaking would succeed, even though the defendant did not brandish, display or discharge the firearm.

Id. at 549-50. The district court did not instruct the jury regarding the meaning of the term "carry." Phillips maintains that the instruction given by the district court regarding the definition of "use" was erroneous in light of Bailey and that the error mandates reversal of his conviction.

Because Phillips failed to object to the instruction given by the district court, our review is for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by a timely objection, Phillips must show that an error occurred, that the error was plain, and that the error affected his substantial rights. See Olano, 507 U.S. at 732; United States v. Cedelle, 89 F.3d 181, 184 (4th Cir. 1996). Even if Phillips can satisfy these requirements, correction of the error remains within our sound discretion, which we "should not exercise ... unless the error `seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano, 507 U.S. at 732 (second alteration in original) (quoting United States v. Young, 470

6

U.S. 1, 15 (1985)); see United States v. David , 83 F.3d 638, 641 (4th Cir. 1996).

1.

In reviewing for plain error, our initial inquiry is whether an error occurred. The Bailey Court held that in order to obtain a conviction under § 924(c)(1) for "using" a firearm during and in relation to a drug trafficking crime, the Government must establish that the defendant actively employed the weapon. See Bailey , 116 S. Ct. at 505-06. In reaching this holding, the Court explicitly rejected the notion that the "use" requirement is satisfied by a showing of mere "possession with a floating intent to use" a weapon. Id.  at 506 (internal quotation marks omitted). Here, the district court instructed the jury that it could find that Phillips "used" a firearm in violation of the statute even in the absence of any evidence that he "actually ... used" it. J.A. 550. In light of Bailey, this instruction was erroneous.

2.

Next, the error must be plain. At the time of Phillips' trial, the instruction given by the district court was consistent with the law of this circuit. See, e.g., United States v. Paz, 927 F.2d 176, 179 (4th Cir. 1991) (explaining that a "weapon need not be brandished or displayed" in order to satisfy the "use" requirement; "[r]ather, it is enough if the firearm is present for protection and to facilitate the likelihood of success" (internal quotation marks omitted)). During the pendency of this appeal, however, the Supreme Court issued its decision in Bailey, clearly articulating a standard for establishing "use" contrary to that previously employed by this circuit. As the Court recently has explained, an error is plain at least when "the law at the time of trial was settled and clearly contrary to the law at the time of appeal." Johnson v. United States, 117 S. Ct. 1544, 1549 (1997); see David, 83 F.3d at 645 (holding that an error is plain when "an objection at trial would have been indefensible because of existing law, but a supervening decision prior to appeal reverses that well-settled law"). The error, therefore, was plain.

3.

Third, Phillips must establish that the error affected his substantial rights, i.e., that it was prejudicial. See Olano, 507 U.S. at 734. As the

7

Supreme Court noted in Olano, this prejudice inquiry differs from the review for harmlessness required when an error is preserved by timely objection in the district court in that, on plain-error review, "[i]t is the defendant rather than the Government who bears the burden of persuasion." Id. This difference, moreover, is not an insignificant one. On harmless-error review, a defendant is entitled to reversal of his conviction unless the Government can establish that "the error `does not affect substantial rights.'" Id. at 735 (quoting Fed. R. Crim. P. 52(a)). In contrast, on plain-error review, a defendant is entitled to reversal only upon a showing that "the error does `affec[t] substantial rights,'" that is, that the error actually affected the outcome of the proceedings. Id. (alteration in original) (quoting Fed. R. Crim. P. 52(b)); see United States v. Turcks, 41 F.3d. 893, 898 (3d Cir. 1994) (explaining that defendant's burden on plain-error review "is to show that the outcome of [the] trial was actually affected" by the error); United States v. Miro, 29 F.3d 194, 200 (5th Cir. 1994) (noting that in order to establish that an error affected substantial rights, the defendant ordinarily must "make a specific showing of actual prejudice"); see also United States v. McKinney, 954 F.2d 471, 475-76 (7th Cir. 1992) (describing plain error as "an error so grievous that it caused an actual miscarriage of justice, which implies that the defendant probably would not have been convicted absent the error"). But see United States v. Saro, 24 F.3d 283, 287 (D.C. Cir. 1994) (concluding that the proper standard for prejudice on plain-error review requires a showing that the error "might likely have substantially affected the outcome of the trial" (internal quotation marks omitted)). Simply stated, "harmless error and plain error are not the same, and the fact that an error is not harmless does not necessarily mean it" affected the defendant's substantial rights. McKinney, 954 F.2d at 475.

Before assessing whether Phillips can carry his burden of establishing that his substantial rights were affected by the erroneous instruction, we first pause to clarify that such an inquiry, in fact, is appropriate here. As the Olano Court noted, "[t]here may be a special category of forfeited errors that can be corrected regardless of their effect on the outcome" of the proceedings. Olano, 507 U.S. at 735. Under the law of this circuit, an error that cannot be reviewed for harmlessness, including a "failure to instruct on an element of the crime, where the jury never made the constitutionally required findings," automatically satisfies the third prong of the plain-error analy-

8

sis without a specific showing of prejudice by the defendant. David, 83 F.3d at 647; cf. United States v. Aramony, 88 F.3d 1369, 1387 (4th Cir. 1996) (concluding that a failure to instruct the jury on an element of the offense is harmless when "the jury actually made an equivalent or identical finding pursuant to another instruction"), cert. denied, 117 S. Ct. 1842 (1997). Here, however, the error is not one of noninstruction, but of misinstruction: The district court did not deprive the jury of the opportunity to make a finding of fact regarding an essential element of the offense; instead, it allowed the jury to make the requisite finding under an incorrect standard. See Johnson , 117 S. Ct. at 1549-50 (recognizing this distinction between misinstruction and noninstruction on an element of an offense). And, as the Supreme Court recently stated in Johnson, "improperly instructing the jury on an element of the offense[ is] an error which is subject to harmless-error analysis." Id. at 1550 (citations omitted). In view of this clear statement, there can be no doubt that a misinstruction does not fall into the narrow category of errors that automatically satisfy the third prong of the plain-error analysis, irrespective of the defendant's ability to establish prejudice. Accordingly, we must determine whether Phillips can show that the erroneous instruction by the district court affected his substantial rights.

In considering whether Phillips can satisfy the third prong of the plain-error analysis, it is helpful first to review the standard for determining when an error of misinstruction that has been preserved for review by means of a timely objection may be considered harmless. A proper understanding of the burden borne by the Government on harmless-error review serves to clarify the nature of Phillips' burden on plain-error review.

When a defendant timely objects to the giving of an erroneous instruction, the conviction may be affirmed only if the court is satisfied, beyond a reasonable doubt, that the error was harmless. See Chapman v. California, 386 U.S. 18, 24 (1967). 3 In applying this standard, a reviewing court should "consider ... not what effect the

_____

**3** We assume, for purposes of this appeal, that the giving of an erroneous instruction on an element of an offense is a constitutional error. See United States v. Doherty, 867 F.2d 47, 58 (1st Cir. 1989); see also Pope v. Illinois, 481 U.S. 497, 502-04 (1987).

9

constitutional error might generally be expected to have upon a reasonable jury, but rather what effect it had upon the guilty verdict in the case at hand" by looking "to the basis on which `the jury <u>actually rested</u> its verdict.'" <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 279 (1993) (quoting <u>Yates v. Evatt</u>, 500 U.S. 391, 404 (1991)).

When, over a proper objection, a district court erroneously instructs the jury on an element of the offense, the error may be disregarded as harmless if a reviewing court can determine, beyond a reasonable doubt, that a correctly instructed jury would have reached the same conclusion. <u>See Pope v. Illinois</u>, 481 U.S. 497, 502-03 (1987); <u>United States v. Hairston</u>, 46 F.3d 361, 373 (4th Cir. 1995). A court should make this determination by first ascertaining what evidence the jury necessarily credited in order to convict under the erroneous instruction and then considering whether that evidence--or facts so inextricably intertwined with the credited evidence that acceptance of the evidence is the functional equivalent of finding those facts-- establishes an offense under a proper instruction. <u>See Pope</u>, 481 U.S. at 503; <u>United States v. Edmonds</u>, 80 F.3d 810, 825 (3d Cir.) (en banc) (affirming conviction despite misinstruction on an element of the offense when facts establishing that element were so inextricably intertwined with the evidence necessarily accepted by the jury in order to convict that acceptance of that evidence was the functional equivalent of finding those facts),**4** <u>cert. denied</u>, 117 S. Ct. 295

_____

**4** In <u>Edmonds</u>, the defendant argued that the district court had erroneously instructed the jury that it need not agree unanimously on which of eight offenses comprised the three related predicate offenses necessary to convict the defendant of operating a continuing criminal enterprise. <u>See Edmonds</u>, 80 F.3d at 812. The Third Circuit concluded that the error was harmless beyond a reasonable doubt because "the evidence that the jury must have credited to find Edmonds guilty of the predicate violations unequivocally established that all charged violations were related." <u>Id.</u> at 812-13. In reaching this holding, the court explained that a conviction obtained pursuant to an erroneous instruction "may be salvageable. Specifically, if other facts found by the jury are `so closely related' to the fact tainted by erroneous instructions `that no rational jury could find those facts without also finding [the former] fact, making those findings is functionally equivalent to finding' the lacking element." <u>Id.</u> at 824 (second alteration in original) (quoting <u>Carella v. California</u>, 491 U.S.

10

(1996); United States v. Maloney, 71 F.3d 645, 658 (7th Cir. 1995), cert. denied, 117 S. Ct. 295 (1996); United States v. Doherty, 867 F.2d 47, 58-59 (1st Cir. 1989); see also Carella v. California, 491 U.S. 263, 271 (1989) (Scalia, J., concurring in judgment) (explaining that an erroneous presumption may be harmless if "the predicate facts relied upon in the instruction, or other facts necessarily found by the jury, are so closely related to the ultimate fact to be presumed that no rational jury could find those facts without also finding that ultimate fact" because under such circumstances "making those findings is functionally equivalent to finding the element required to be pre-sumed"); Sullivan, 508 U.S. at 281 (quoting, with approval, Justice Scalia's concurring opinion in Carella); cf. Yates v. Evatt, 500 U.S. 391, 404-05 (1991) (holding that application of harmless-error analy-sis to erroneous presumption depends upon a determination of what evidence the jury actually considered in reaching its verdict and a consideration of whether, in light of that evidence, it is possible to say beyond a reasonable doubt that the jury's verdict was not affected by the presumption); United States v. Holmes, 93 F.3d 289, 293-94 (7th Cir. 1996) (in ascertaining whether erroneous pre-Bailey instruction defining the phrase "uses or carries a firearm" affected the defen-dant's substantial rights, court looked to the evidence presented and concluded that the error affected substantial rights because the jury did not necessarily credit evidence establishing that the defendant car-ried firearms or used them in the post-Bailey sense).**5**

_____

263, 271 (1989) (Scalia, J., concurring in judgment)). That standard was satisfied, the court determined, because the evidence necessarily accepted by the jury in order to convict the defendant of the predicate offenses was so inextricably intertwined with evidence establishing the relatedness of the predicate offenses that acceptance by the jury of the evidence necessary to convict was the functional equivalent of finding that each of the predicate offenses was related to the others. See id. at 825-27.

**5** We note a seeming inconsistency in our prior decisions in United States v. Hawthorne, 94 F.3d 118, 121 (4th Cir. 1996), and United States v. Smith, 94 F.3d 122, 124 (4th Cir. 1996), the language of which appears to suggest that the standard for harmless-error review of an erroneous instruction is other than that set forth in Pope . To the extent this is so, these decisions are undermined by Johnson, which clearly and unequivo-cally instructs that erroneous instructions may be reviewed for harmless-ness under the standard set forth in Pope. See Johnson, 117 S. Ct. at 1550; Wilson, No. 95-5581, slip op. at 24.

11

Application of the harmless-error analysis for erroneous instructions is also possible when the trial court submits a case to the jury on two or more alternate theories, one of which is the subject of an erroneous instruction. Under such circumstances, the determination of whether the error was harmless is guided by Yates v. United States, 354 U.S. 298, 311-12 (1957). See United States v. Hudgins, 120 F.3d 483, 486-87 (4th Cir. 1997). Under Yates, reversal is required when a case is submitted to a jury on two or more alternate theories, one of which is legally (as opposed to factually) inadequate, the jury returns a general verdict, and it is impossible to discern the basis on which the jury actually rested its verdict. See Yates, 354 U.S. at 311-12; see also Griffin v. United States, 502 U.S. 46, 52 (1991). This rule is appropriate because when it cannot be determined that the conviction did not rest entirely on a legally inadequate ground, it is impossible to say that the error in submitting the legally inadequate ground to the jury was harmless beyond a reasonable doubt.

The analysis required to decide whether it is possible to discern the basis on which a jury rested its verdict under Yates is essentially an adaptation of the inquiry conducted under Pope to determine whether an instructional error is harmless. A reviewing court must attempt to ascertain what evidence the jury necessarily credited in order to convict the defendant under the instructions given. If that evidence is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed. See Hudgins, 120 F.3d at 487-88 (affirming § 924(c)(1) conviction because the evidence necessarily credited by the jury in order to convict under the erroneous "use" instruction established that the defendant had "carried" a firearm); United States v. Washington, 106 F.3d 983, 1013 (D.C. Cir.) (same), cert. denied, 118 S. Ct. 446 (1997); United States v. Feinberg, 89 F.3d 333, 340 (7th Cir. 1996) (same), cert. denied, 117 S. Ct. 997 (1997); United States v. Boots, 80 F.3d 580, 589 (1st Cir.) (reversing conviction under Yates because the evidence supporting conviction on a valid ground was "not so intricately intertwined with the invalid ... count that we can necessarily say that the ... conviction had a legally correct basis"), cert. denied, 117 S. Ct. 263 (1996).[6]

_____

[6] Although we are not presented with this question, it appears to us that a conviction also may be affirmed under this rationale if the evidence

12

If Phillips had lodged a timely objection to the instruction given by the district court regarding "use" of a firearm, the Yates analysis would be applicable here.**7** The district court instructed the jury that it could convict Phillips of the § 924(c)(1) charge if it found that he had either used or carried a firearm during and in relation to a drug trafficking offense. In conjunction with that charge, the district court provided an erroneous definition of the term "use." But, no such erroneous instruction was given regarding the meaning of the term "carry." The district court thus provided the jury with alternative bases for a conviction, one of which--we now know in light of Bailey --rested on an erroneous instruction. Furthermore, the general verdict of guilt returned by the jury did not specify whether it found Phillips to have "used" the firearm or to have "carried" it.

Because Phillips failed to object in a timely fashion to the instruction, however, we cannot simply review to determine whether the instructional error was harmless beyond a reasonable doubt.**8** Thus,

_____

necessarily credited by the jury in order to convict pursuant to the erroneous instruction establishes a conviction under a proper instruction on that element, even if the evidence does not establish a violation under the alternate, properly instructed theory.

**7** We assume, for purposes of this appeal, that an erroneous instruction on an element of one of the bases for conviction renders that basis "legally inadequate." See Hudgins, 120 F.3d at 487 & n.2.

**8** While recognizing that plain-error analysis is appropriate for review of unpreserved Bailey instructional errors, some language in Hudgins suggests that the Yates analysis is interchangeable with the "more tortured" plain-error analysis. Hudgins, 120 F.3d at 488 n.3. As the Supreme Court made clear in Olano, however, the two modes of analysis differ significantly. On review for plain error, the defendant bears the burden of establishing that he has been prejudiced by an unpreserved error; in contrast, harmless-error review requires the Government to demonstrate that a preserved error was harmless. See Olano, 507 U.S. at 734. Although Hudgins is not entirely clear on this point, we must presume from its application of Yates that it was at least arguable that the defendant properly had preserved an objection to the jury instructions on use, rendering it more appropriate to apply the higher standard of harmless-error review. In view of these circumstances, any suggestion in Hudgins that plain-error review and harmless-error review are interchangeable is mere dicta.

13

having set forth the burden the Government must satisfy in order to prove harmlessness when the district court has submitted a § 924(c)(1) charge to a jury on the alternative bases of an erroneous pre-<u>Bailey</u> "use" instruction and a correct "carry" instruction--that the evidence the jury necessarily credited in order to reach a conviction under the invalid "use" prong established a conviction under the "carry" prong--we turn to the manner in which that standard is to be applied on plain-error review, when the defendant rather than the Government bears the burden of proof. In our view, Phillips' burden of showing that his substantial rights were affected by the error requires him to show that the jury actually convicted him based upon an erroneous understanding of the term "use." <u>See United States v. Turcks</u>, 41 F.3d 893, 898-99 (3d Cir. 1994) (holding that a defendant seeking to establish that substantial rights were affected by the submission to the jury of an erroneously instructed basis for conviction when the jury was also provided with a properly instructed basis must show that the jury convicted pursuant to the erroneous instruction). Importantly, it is not enough for Phillips to establish that it is impossible to tell whether the verdict returned by the jury rested solely on the misinstruction, for such a showing would establish only that the error was not harmless. <u>See United States v. McKinney</u>, 954 F.2d 471, 475 (7th Cir. 1992) (explaining that the mere fact that an error is not harmless does not mean that it affects substantial rights). Rather, in order to establish the actual prejudice required by the third prong of plain-error review, Phillips must demonstrate that the erroneous "use" instruction given by the district court resulted in his conviction.

Phillips cannot satisfy this burden. In order to convict under the instructions issued by the district court, the jury must have credited the testimony of Jerald Westberry and Leigh Tucker concerning the events of February 2, 1994. This testimony--the only evidence presented concerning whether Phillips used or carried a firearm-- established that, prior to a drug transaction, Phillips retrieved a pistol from a closet, loaded it, placed it in an interior pocket of his coat, and transported it to Tucker's automobile, where he stored it within easy reach. Thus, in making the factual finding necessary to convict under the erroneous instruction, the jury necessarily found facts establishing that Phillips "carried" the weapon. Under these circumstances, Phillips cannot demonstrate that the jury rested its verdict solely on the

14

legally inadequate "use" prong. See Hudgins, 120 F.3d 487-88.**9** Accordingly, the third prong of the plain-error analysis is not satisfied.

4.

Even if Phillips were able to show prejudice arising from the erroneous use instruction, it would remain within our discretion to correct the error. See Olano, 507 U.S. at 735-36; United States v. David, 83 F.3d 638, 647 (4th Cir. 1996). Our discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." David, 83 F.3d at 647 (internal quotation marks omitted) (alteration in original). "Central to this inquiry is a determination of whether, based on the record in its entirety, the proceedings against the accused resulted in a fair and reliable determination of guilt." United States v. Cedelle, 89 F.3d 181, 186 (4th Cir. 1996).**10**

The circumstances present here do not warrant the exercise of our discretion to notice plain error. As noted above, the evidence adduced at trial points inexorably to the conclusion that Phillips carried a firearm during and in relation to a drug trafficking crime. See id. (declining to notice plain error when the evidence "permit[ted] no other conclusion but that" the defendant was guilty). Therefore, even if Phillips could establish that the erroneous instruction by the district court affected his substantial rights, we would decline to reverse his conviction.

_____

**9** Indeed, under these facts it is possible to conclude that the error of the district court in submitting the improperly instructed "use" prong to the jury was harmless beyond a reasonable doubt.

**10** This case does not present circumstances in which an error may warrant the exercise of our discretion to notice plain error "even though the record demonstrates that the defendant is guilty." Cedelle, 89 F.3d at 186 n.4.

III.

We affirm Phillips' conviction for using or carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C.A. § 924(c)(1) because Phillips cannot establish that the erroneous instruction by the district court affected his substantial rights. Concluding that Phillips' other challenges are without merit, we affirm his remaining convictions and his sentence as well. Finally, we affirm the sentences of Hastings and Bolder, and we dismiss Renfro's appeal as untimely filed.

AFFIRMED IN PART; DISMISSED IN PART