**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 98-4463

JOHN ROGER CLAYTON,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, Sr., District Judge.
(CR-97-174)

Submitted: February 26, 1999

Decided: March 22, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kearns Davis, BROOKS, PIERCE, MCLENDON, HUMPHREY &
LEONARD, L.L.P, Greensboro, North Carolina, for Appellant. Wal-
ter C. Holton, Jr., United States Attorney, Paul A. Weinman, Assis-
tant United States Attorney, Winston-Salem, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

John Roger Clayton appeals his conviction for possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) (1994). Clayton was arrested following the execution of a search warrant obtained by the Rowan County Sheriff's Department with the assistance of the Salisbury Police Department. Acting on information that Clayton was armed and likely to be violent, the officers broke down the door to Clayton's residence shortly after announcing their presence and intentions. After Clayton's brief and unsuccessful flight, arresting officers found more than seventy-four grams of crack cocaine drying in Clayton's bedroom and additional narcotics on Clayton's person. Failing in his attempt to suppress the evidence found during the execution of the warrant, Clayton entered a conditional guilty plea to the possession charge. Clayton now appeals his conviction contending that the execution of the search warrant violated the Fourth Amendment.

In the district court, Clayton sought suppression of the fruits of the search of his residence because state officers violated the federal "knock and announce" statute. See 18 U.S.C. § 3109 (1994); United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994). The district court, after noting that Clayton's violent reputation and propensity to carry a weapon were "uncontested," decided that the officers had waited long enough to satisfy the statute. Clayton did not attempt to controvert the district court's conclusions regarding Clayton's reputation or the possibility he might be armed. In this court, Clayton contends that the entering officers violated his Fourth Amendment rights because there was no reliable information in the officers' possession to create the reasonable suspicion that exigent circumstances justified the rapidity of the officers' entry. Clayton claims the officers' information at the time of their entry lacked the "something more" than bare information required to rise to the level of a reasonable suspi-

2

cion. See Alabama v. White, 496 U.S. 325, 329-30 (1990) (citing United States v. Sokolow, 490 U.S. 1, 7 (1989)).

Essentially, Clayton contests on appeal what the district court determined was "uncontested" in deciding the motion to suppress. Because the district court considered the matter closed, Clayton did not require the court to pass on the reliability of the information on which the officers relied. Neither did the district court rule on the existence of a reasonable suspicion of exigent circumstances. The court was only asked to determine whether the facts as presented amounted to a violation of the statute.

In the absence of a contemporaneous objection to the officers' entry on the basis of what Clayton now alleges was unreliable information supporting the existence of exigent circumstances, Clayton has forfeited his entitlement to appellate correction of any ensuing error stemming from the allegedly unreliable information. See United States v. Tipton, 90 F.3d 861, 873-74 (4th Cir. 1996), cert. denied, 117 S.Ct. 2414 (1997). Clayton pursues his appeal on grounds which are decidedly distinct from the grounds on which he sought to have the evidence suppressed. As a result of Clayton's failure to preserve this issue in the district court, our review is restricted to a search for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993). Accordingly, Clayton must show that the district court committed an error that was plain in light of established precedent, and that error must have affected Clayton's substantial rights. See id. at 732; United States v. Hastings, 134 F.3d 235, 239 (4th Cir.), cert. denied, 118 S.Ct. 1852 (1998). Moreover, even if Clayton were to make the required showing, this court will not exercise its discretion to correct the error unless it "`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" Olano , 507 U.S. at 732 (quoting United States v. Young, 470 U.S. 1, 15 (1985)).

There was no plain error in the district court's determination that the fruits of the search of Clayton's residence were admissible. Clayton asks this court to find as a matter of fact that the source of the officers' information supporting their entry was unreliable. This court's role in fact-finding "is, and should be, quite limited." Neel v. Waldrop, 639 F.2d 1080, 1084 (4th Cir. 1981). The district court found that Clayton's violent reputation and propensity to carry a

3

weapon were uncontested. To describe this ruling as error would require this court to determine factual matters that the district court was not given the opportunity to decide. Consequently, in light of the record on appeal, it is impossible to conclude that there was plain error on the part the district court. This court is not in a position to pass on issues of credibility and reliability, especially in a search for plain error. See, e.g., United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994).

In the absence of plain error, there is no merit to Clayton's appeal. As a result, we affirm Clayton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4