**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                  No. 01-4120

ERIC CHILDRESS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-00-101)

Submitted: November 27, 2001

Decided: December 7, 2001

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Paul S. Rosenzweig, ROSENZWEIG LAW OFFICES, L.L.P., Washington, D.C., for Appellant. Paul J. McNulty, United States Attorney, Gene Rossi, Assistant United States Attorney, Sonya Sacks, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Childress was convicted following a jury trial of conspiracy to distribute fifty grams or more of cocaine base and to distribute cocaine base within 1000 feet of a school, playground and public housing. He was sentenced to 360 months imprisonment, and he timely appealed. We affirm.

I.

Childress first contends that the evidence was insufficient to support the verdict that he conspired to distribute fifty grams or more of cocaine base. He asserts that no reasonable jury could have found him involved with large quantities of crack cocaine, as the only evidence of large transactions came from the non-credible testimony of Demetrius Howard and Nicole Gunnells. These witnesses testified *inter alia* that, from January 1998 to August 1998, Howard, Gunnells, and Childress traveled to New York to buy cocaine which they later either cooked into crack or sold to other dealers who cooked it into crack. The trips happened at least once every two weeks and each involved at least an eighth of a kilogram of cocaine powder (125 grams). On these trips, Childress would either drive, carry money, or carry drugs.

We review sufficiency of the evidence deferentially, sustaining the verdict if the evidence, when viewed in the light most favorable to the Government, is such that a rational trier of fact could find guilt beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In addition, credibility determinations are solely within the jury's province and are not subject to appellate review. *United States v. Burgos*, 94 F.3d 849, 863 (4th Cir. 1996) (en banc).

Childress' contention that the evidence was insufficient is merely an assertion that Howard and Gunnells were not credible. Because we do not review the credibility of the witnesses and because the testimony of Howard and Gunnells indisputably established that Childress was involved with over 50 grams of cocaine base, Childress' argument fails.

## II.

Next, Childress argues that the jury instruction concerning the term "playground" was erroneous as it failed to outline the statutory definition of a playground. *See* 21 U.S.C. § 860(e)(1) (1994). Because Childress failed to object to the instruction given by the district court, we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to establish authority to notice an error not preserved by a timely objection, Childress must show that an error occurred, that the error was plain, and that the error affected his substantial rights. *Olano*, 507 U.S. at 732. Even if Childress can satisfy these requirements, correction of the error remains within the sound discretion of this court, and such discretion should not be exercised unless the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.*

The Government concedes that there was an error in the jury instruction and that the error was plain. Therefore, Childress must next establish that the error affected his substantial rights, i.e. that it was prejudicial. *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). He contends that, under *Yates v. United States*, 354 U.S. 298 (1957), because we cannot determine whether the jury's verdict rested on a determination as to proximity to a playground pursuant to the erroneous instruction, the verdict of guilty on this goal of the conspiracy must be reversed.[1] Under *Yates*, where a court submits a case to a jury on two or more alternate theories, one of which was the subject of an erroneous instruction, and it is impossible to discern the basis on which the jury actually rested its verdict, reversal is required. *Id.* at 311-12.

However, after *Yates*, we determined that, where there has been no timely objection, it is not enough for an appellant to establish that it is impossible to tell whether the verdict rested solely on the misinstruction. Instead, an appellant must affirmatively demonstrate that

---

[1]Childress also contends that the evidence was insufficient to support his conviction with reference to a "playground," even if the jury instructions had been proper, because there was no evidence that the playground at issue was open to the public or that it contained permanent apparatus. The Government does not dispute this contention.

the erroneous instruction resulted in his conviction. *Hastings*, 134 F.3d at 243-44. Childress cannot satisfy this burden. He does not challenge that testimony at trial that members of the conspiracy dealt drugs within 1000 feet of a school and public housing. Given this substantial and uncontroverted evidence, Childress is unable to show that the jury's verdict rested on the proximity of a playground. Thus, we find that the district court's erroneous jury instruction does not warrant a reversal of his conviction.

### III.

At trial, the district court admitted, over objection, Childress' tax records for the years 1993-1998. The records were certified as authentic transcripts of computer records by the IRS, but there was no further foundation laid for the admissibility of the records. Childress contends that this was prejudicial error. However, official IRS documents, even if generated by a computer, are admissible as public records under Federal Rule of Evidence 803(8). *United States v. Hughes*, 953 F.2d 531, 540 (9th Cir. 1992). Accordingly, Childress' claim is meritless.

### IV.

Relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Childress next argues that the district court erred in sentencing him based on 1.5 kilograms of crack cocaine when the jury only found beyond a reasonable doubt that he was involved with more than 50 grams. However, *Apprendi* does not apply to a judge's exercise of sentencing discretion within a statutory range, so long as a defendant's sentence is not set beyond the maximum term specified in the substantive statute. *United States v. Kinter*, 235 F.3d 192 (4th Cir. 2000), *cert. denied*, ___ U.S. ___, 69 U.S.L.W. 3618 (U.S. Mar. 19, 2001) (No. 00-8591). The maximum statutory sentence for Childress' crime is life imprisonment. *See* 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2001). Therefore, pursuant to *Kinter*,[2] Childress' sentence does not offend *Apprendi*.

---

[2]Childress attempts to overcome *Kinter* by arguing that (1) the jury's express finding of 50 grams limited the district court's discretion to find

## V.

Finally, Childress challenges the district court's calculation that he was responsible for 1.5 kilograms of crack cocaine. Childress did not object to the district court's determination at the sentencing hearing, and thus, he waived his right to raise the issue on appeal absent plain error. *United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996). A review of the record reveals no error. Besides the sufficient testimony of Howard and Gunnells described above, at least five other witnesses testified to buying cocaine in varying amounts at different times from Childress. The district court heard the testimony at trial and credited it, as did the presentence report; absent an objection, the court was not required to make any further specific findings, and we will not disturb the credibility determinations of the district court. Accordingly, this claim is without merit.

Based on the foregoing, we affirm Childress' conviction and sentence. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

a greater amount and (2) *Kinter* was wrongly decided. We find that the jury's finding that Childress was involved with *over* 50 grams of crack cocaine permitted a finding that Childress was responsible for substantially more crack cocaine. Further, this panel cannot overrule the decision of a prior panel. *See Brubaker v. City of Richmond*, 943 F.2d 1363, 1381-82 (4th Cir. 1991).