UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

LAMAR SHAW,

*Defendant-Appellant.*

No. 01-4494

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-13)

Submitted: February 6, 2003

Decided: February 25, 2003

Before LUTTIG, WILLIAMS, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Noell P. Tin, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Jill Westmoreland Rose, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Lamar Shaw appeals his conviction and sentence on charge of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000). Following a jury trial, the district court sentenced Shaw to 188 months' imprisonment, three years of supervised release, and ordered payment of the mandatory special assessment. Shaw timely appealed.

On appeal, Shaw claims that he was denied a fair trial by allegedly prejudicial comments made by a key government witness, Drug Enforcement Agent Mark Bishop. Specifically, Shaw claims error by the district court in allowing Agent Bishop to give lay opinion testimony that Shaw was the head of the drug organization named in the indictment, and was the major crack cocaine supplier to the Asheville area suppliers during 1998 and 1999. He claims that because Agent Bishop never witnessed any drug transactions, never seized drugs from Shaw or his codefendant, and did not participate in Shaw's arrest, he had no personal knowledge of Shaw's role in the organization. He concludes that Agent Bishop's opinion testimony was highly prejudicial, violative of Fed. R. Evid. 701, and should not have been admitted. Shaw further claims that Agent Bishop's testimony concerning Twijuana White, that White "had decided to tell the truth" about being Shaw's drug courier from the time of her arrest, was improper bolstering of a government witness. The Government counters that Agent Bishop was not rendering opinion testimony, but rather providing background information concerning the investigation, and that he was not bolstering White's testimony, but rather commenting on her willingness to cooperate with agents and further the investigation.

We review the trial court's evidentiary rulings for abuse of discretion. *United States v. Patterson*, 150 F.3d 382, 387 (4th Cir. 1998). Because Shaw failed to object below to Agent Bishop's comment regarding White's veracity, our review relative to that testimony is for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993); *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998).

We have considered the statements made by Agent Bishop at issue in the context of the testimony as a whole, and in light of the sum of the other evidence against Shaw. This evidence included, but was not limited to, the testimony of White, Eric Penland, and Harry McDaniels (coconspirators) as to White's role as courier between Penland and McDaniels on one end and Shaw on the other, the consistency of the testimony between those three witnesses as to the procedure which was followed in effecting the exchange of the drugs for money, and the day timer and phone records which further corroborated the contacts and testimony of the exchanges between Shaw and the Penland organization during the relevant time period. We also note that, with regard to Agent Bishop's statement as to Shaw being the primary supplier of crack cocaine to Asheville area suppliers, an adequate curative instruction was given by the district court. *Richardson v. Marsh*, 481 U.S. 200, 208 (1987) (presumption that jury will follow instruction to disregard inadmissible evidence); *United States v. Francisco*, 35 F.3d 116, 120 (4th Cir. 1994). *See also United States v. Ham*, 998 F.2d 1247, 1254 (4th Cir. 1993).

We conclude that, even assuming, *arguendo*, that Agent Bishop's remarks were improper, they did not prejudicially affect Shaw's substantial rights or impugn the integrity of his trial, given the other evidence against him. *United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993). Accordingly, we affirm Shaw's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*