UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 02-4623

ALAN D. TANNER,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-01-145)

Submitted: April 23, 2003

Decided: May 15, 2003

Before WILLIAMS, MOTZ, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, Larry R. Ellis, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Alan D. Tanner was convicted by a jury of receiving child pornog-
raphy, 18 U.S.C. § 2252A(a)(2)(A) (2000), and possession of child
pornography, 18 U.S.C. § 2252A(a)(5)(B) (2000). He was sentenced
to a seventy-eight month term of imprisonment. We affirm Tanner's
conviction and sentence.

Tanner raises two issues on appeal. First he asserts the district court
erred in its denial of his motion to suppress the statements he made
at a non-custodial interview. Tanner asserts the promise made by Fed-
eral Bureau of Investigation Special Agent Smith — that he would
not pursue child pornography charges if Tanner told the truth about
the child molestation allegations made against Tanner — rendered
statements made by Tanner involuntary. We conclude the district
court properly considered the totality of the circumstances and found
no coercion in the setting of the interview; Tanner was not confined
or physically coerced, he was allowed to go outside to smoke, and the
interview room door was open during the interview. *See United States
v. Braxton*, 112 F.3d 777, 785 (4th Cir. 1997). The court further found
Tanner's statements regarding the pornography made at the end of the
interview were not coerced, there was no evidence his will was over-
borne, and his capacity for self-determination was not critically
impaired. *Id.* at 780-81. It is clear that Tanner incriminated himself
with regard to the child pornography after Smith told him that he
found Tanner's statements regarding the molestation charge to be
untruthful, and after Smith informed Tanner that he would be follow-
ing up on the child pornography issue. Because Tanner's statements
were voluntarily made with knowledge that the child pornography
matter had not been put to rest, and because the circumstances of the
interview do not demonstrate that Tanner's will was overborne, the
district court did not err in denying the motion to suppress the state-
ments.

Tanner's second assertion of error is that the jury instruction offered on the definition of child pornography was plainly erroneous and the case should be remanded for a new trial. This claim fails to meet the plain error standard. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 731-32 (1993).[1] The jury instruction given by the district court was proper at the time of trial. *See United States v. Mento*, 231 F.3d 912 (4th Cir. 2000), *vacated*, 535 U.S. 1014 (2002). Prior to this appeal, however, the United States Supreme Court held that prohibitions on virtual child pornography, as contained in § 2256(8)(B) and relied on by the district court in its instruction, were overbroad and unconstitutional. *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).[2] This court reviews for plain error when a substantive change in law occurred between conviction and appeal. *Johnson v. United States*, 520 U.S. 461 (1997).

In light of *Ashcroft*, we find that the jury instruction was erroneous and that the error was plain. *United States v. Hastings*, 134 F.3d 235, 239-40 (4th Cir. 1998). To meet the third prong of the plain error analysis, Tanner must establish that the error affected his substantial rights. This he cannot do. Misinstruction to the jury does not fall into the narrow category of errors that automatically satisfy the third prong of the plain error analysis, irrespective of the defendant's ability to establish prejudice. *Id.* at 240-41. Moreover, at trial, the parties entered a stipulation that stated, "the individuals depicted in those seven computer graphic image files charged in this indictment [ ] are minor children under the age of eighteen years of age." (JA 73). A defendant may not argue on appeal that a stipulation is insufficient to

---

[1]Four conditions must be met before this Court will notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning that the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Olano*, 507 U.S. at 733-37; *United States v. Rolle*, 204 F.3d 133, 138 (4th Cir. 2000).

[2]Section 2256(8)(B) defines child pornography as any visual depiction where "such visual depiction is, or appears to be, of a minor engaging in sexually explicit conduct." The Supreme Court found the phrase "or appears to be" an unconstitutional abridgement of First Amendment freedom to present virtual images of child pornography.

prove beyond a reasonable doubt the facts or elements to which he has stipulated. *United States v. Muse*, 83 F.3d 672, 679 (4th Cir. 1996). In order for Tanner to establish actual prejudice he must demonstrate the erroneous "appears to be" instruction resulted in his conviction. *Hastings*, 134 F.3d at 243-44. We find the third prong of the plain error test is not satisfied because Tanner stipulated to the fact the individuals in the images were children under the age of eighteen, and he does not attempt to meet his burden of showing the jury relied on the erroneous "appears to be" instruction to find him guilty of the charges appealed.

Accordingly, we affirm Tanner's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*