# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNPUBLISHED

WARD EVERETTE MOHLER,
            *Petitioner-Appellant,*

v.                                           No. 03-6097

J. E. GUNJA, Warden,
            *Respondent-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-01-1863-DKC)

Submitted: May 12, 2003

Decided: June 2, 2003

Before WILKINS, Chief Judge, and TRAXLER and
KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Ward Everette Mohler, Appellant Pro Se. Donald Ray Wolthuis,
OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Ward Everette Mohler was convicted in 1991 of seventeen counts of drug and firearm offenses. Following his appeal and postconviction proceeding, he sought to raise a claim under *Bailey v. United States*, 516 U.S. 137 (1995). In 2002, this court remanded a habeas corpus petition, filed under 28 U.S.C. § 2241 (2000), which the district court had dismissed for lack of jurisdiction. We held that, under *In re Jones*, 226 F.3d 328 (4th Cir. 2000), the district court had jurisdiction to review Mohler's *Bailey* claim. *Mohler v. Gunja*, No. 01-7606, 2002 WL 312879 (4th Cir. Feb. 28, 2002) (unpublished).

On remand, the district court concluded that the instruction given at Mohler's trial, to which no objection was made, was not in compliance with the Supreme Court's later holding in *Bailey*. The court ruled, however, that the evidence at trial was sufficient to support the 18 U.S.C. § 924(c) (2000) convictions. We agree with the district court that Mohler did not sustain his burden of proving, under the plain error standard of *United States v. Olano*, 507 U.S. 725 (1993), that the error affected his substantial rights. *See United States v. Williams*, 152 F.3d 294, 300 (4th Cir. 1998) (applying plain error standard in *Bailey* context). In view of the evidence of Mohler's display and discussion of the weapons, he cannot "show that the jury actually convicted him based upon an erroneous understanding of the term 'use.'" *United States v. Hastings*, 134 F.3d 235, 243 (4th Cir. 1998).

Therefore, we affirm the district court's decision on the *Bailey* issue. Other issues Mohler attempts to raise were not properly before the district court, and we decline to rule on them. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*