Rehearing granted, February 9, 2004
Vacated by Supreme Court, June 6, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

v.

JAMES ANTHONY SAVAGE, a/k/a Mario
J. Racanelli, a/k/a John Anthony
Savage, a/k/a Egisto Grandoni, a/k/a
Max Marrache, a/k/a Greg
Masonotti, a/k/a M. John Delano,
a/k/a Robert Toliano, a/k/a
Grandoni Egistot, a/k/a Mark
Racanelli, a/k/a John Racanelli,
　　　　　　　　*Defendant-Appellant.*

No. 02-4576

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-362)

Submitted: November 14, 2003

Decided: December 5, 2003

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Peter Goldberger, Pamela A. Wilk, Ardmore, Pennsylvania, for
Appellant. Anna Mills Wagoner, United States Attorney, Clifton T.

Barrett, Assistant United States Attorney, Douglas Cannon, Assistant United States Attorney, L. Patrick Auld, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James A. Savage appeals the judgment of the district court convicting him on all counts of a thirty-two count indictment for wire and mail fraud, conspiracy, and money laundering. Having reviewed Savage's claims in turn, we affirm.

Savage first asserts that the district court erred in admitting evidence on the basis that its probative value was substantially outweighed by its prejudicial value. We have reviewed the transcripts, the respective briefs of the parties, and the applicable law, and conclude that neither the testimonial nor the recorded evidence admitted at trial was unduly prejudicial. *See* Fed. R. Evid. 403. Accordingly, we deny relief on this claim.

Savage next claims that the Government engaged in prosecutorial misconduct by referring to his character and playing to the jury's emotions during closing argument. As noted by the Government, this court recognizes that "[c]ommitted advocates do not always present antiseptic closing arguments." *Bates v. Lee*, 308 F.3d 411, 422 (4th Cir. 2002). Instead, "prosecutors enjoy considerable latitude in presenting arguments to a jury because the adversary system permits the prosecutor to prosecute with earnestness and vigor." *Id.* (internal citations and quotations omitted). Our review of the prosecutor's summation, taken in its appropriate context, fails to disclose any inappropriate comment and, as a consequence, this claim warrants no relief.

Savage also contends that the district court's instructions to the jury in regard to the charges of money laundering constructively and impermissibly amended the indictment. Savage has failed to carry his burden to demonstrate that the jury's verdict was the result of an erroneous understanding of the law. *See United States v. Hastings*, 134 F.3d 235, 243 (4th Cir. 1998). Moreover, the record is devoid of any evidence tending to support Savage's claim that the jury could have expanded the scope of the indictment prior to finding him guilty. Accordingly, we deny relief on this claim.

Savage's final claim is that the district court erred in enhancing his base offense level under the sentencing guidelines for violating a court order. *See U.S. Sentencing Guidelines Manual* § 2F1.1(b)(4)(C) (2000). Our review of the August 1, 2000, district court order, the transcripts, and the findings of the district court leads us to conclude that the enhancement of Savage's sentence was amply supported. Accordingly, we deny relief on this final claim.

We affirm Savage's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*