**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4357**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN WILLIE BENSON LEWIS, a/k/a Rida,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville. Timothy M. Cain, District Judge. (6:17-cr-01069-TMC-1)

Submitted: May 19, 2020                         Decided: July 7, 2020

Before KEENAN and HARRIS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, PA, Beaufort, South Carolina, for Appellant. A. Lance Crick, Acting United States Attorney, William Hammond Jordan, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Willie Benson Lewis was convicted of conspiracy to commit attempted murder in aid of racketeering activity, 18 U.S.C. § 1959(a)(5) (2018) (Count 1), conspiracy to assault with a dangerous weapon in aid of racketeering activity, 18 U.S.C. § 1959(a)(6) (2018) (Count 2), and conspiracy to use and carry a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(o) (2018) (Count 3).  On appeal, Lewis first claims that his Count 3 conviction is flawed, asserting that the conspiracies charged in Counts 1 and 2 are not crimes of violence and, therefore, cannot serve as predicates for his § 924(o) conviction after *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that 18 U.S.C. § 924(c)(3)(B) (2018) is unconstitutionally vague).[1]  Lewis also challenges his Count 1 conviction, arguing that the district court erred by instructing the jury that, under South Carolina law, malice may be implied from the use of a deadly weapon.  We find Lewis's first argument more convincing than his second and, for the reasons that follow, affirm Lewis's convictions on Counts 1 and 2, vacate his conviction on Count 3, and remand for resentencing.

At trial, the Government presented evidence that while Lewis, the South Carolina leader of the Elm Street Piru Bloods ("ESPB"), was awaiting trial on state charges stemming from an armed robbery, he used the jailhouse phone to communicate with four other members of the ESPB to instruct them to kill the victim of the robbery prior to

---

[1] As an alternative basis for challenging his conviction as to Count 3, Lewis also argues that the district court erred by instructing the jury that the racketeering conspiracies were crimes of violence.  But because we vacate Lewis's § 924(o) conviction on the basis of *Davis*, as explained below, we need not address this issue.

Lewis's trial on those charges. After law enforcement officials discovered the plot while reviewing recorded jailhouse phone calls in preparation for Lewis's state trial, Lewis was indicted on the federal charges at issue in this case. Several of Lewis's co-conspirators – members of the ESPB – accepted plea deals and testified against him at trial, explaining that Lewis provided them with the address and description of the intended victim, advised them about obtaining guns and a vehicle to be used during the murder, and established a timeline for the planning and execution of the crime. The jury found Lewis guilty of all three charges.

Lewis first contends that his § 924(o) conviction is invalid, and the Government concedes that Lewis's Count 3 conviction cannot stand. We agree. Lewis was convicted on Count 3 for conspiracy to commit a crime of violence under 18 U.S.C. § 924(c). And following *Davis*, to support a § 924(c) conviction, the predicate crime of violence must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A); *Davis*, 139 S. Ct. at 2336. Because Lewis's § 924 conviction was predicated on his Count 1 and Count 2 racketeering conspiracy convictions, and because those conspiracy charges do not require such proof of force, *see* 18 U.S.C. §§ 1959(a)(5); (6), the racketeering conspiracy convictions do not qualify as predicate crimes of violence. *See United States v. Simms*, 914 F. 3d 229, 233 (4th Cir. 2019) (en banc) (conspiracy "does not categorically qualify as a crime of violence under the elements-based categorical approach"). Accordingly, we vacate Lewis's conviction on Count 3.

3

Lewis also challenges his Count 1 conviction for conspiracy to commit attempted murder in aid of racketeering activity. He contends that the district court erred by instructing the jury that, under South Carolina law on attempted murder, malice may be implied if a deadly weapon is used. Because Lewis did not object to this instruction in the district court, our review is for plain error. *See United States v. Hale*, 857 F.3d 158, 172 (4th Cir. 2017). Therefore, "to prevail on appeal, [Lewis] must show: (1) there was an error; (2) the error was 'clear or obvious, rather than subject to reasonable dispute;' (3) 'the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings;' and (4) 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Fuertes*, 805 F.3d 485, 497 (4th Cir. 2015) (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

The district court instructed the jury that under South Carolina law, "a person who, with intent to kill, attempts to kill another person with malice aforethought, either expressed or implied, commits the offense of attempted murder." The court further instructed that "[m]alice is defined as hatred or ill-will. Malice is the wrongful intent to injure another person. The law says if one intentionally attempts to kill another with a deadly weapon, the implication of malice may arise." However, just after Lewis's trial, the South Carolina Supreme Court struck down a similar instruction, holding that "[r]egardless of the evidence presented at trial, trial courts shall not instruct a jury that the element of malice may be inferred when the deed is done with a deadly weapon." *State v. Burdette*, 832 S.E.2d 575, 583 (S.C. 2019). Moreover, the *Burdette* court noted that this

4

ruling applies in "those cases which are pending on direct review or are not yet final," such as Lewis's. *Id.*

Because the district court's implied malice instruction was contrary to the law in South Carolina, we find that this instruction was error, and that the error was plain. The question, then, is whether the error affected Lewis's substantial rights. In the context of an erroneous jury instruction, the defendant "must demonstrate that the erroneous . . . instruction given by the district court resulted in his conviction." *United States v. Hastings*, 134 F.3d 235, 243-44 (4th Cir. 1998). Lewis has not met this burden here.

Lewis has not shown that the implied malice instruction "resulted in his conviction." *Id.* at 244. In addition to the erroneous instruction, the jury was also correctly instructed that malice is defined as "hatred or ill-will" and that malice is the "wrongful intent to injure another person." *State v. Fennell*, 531 S.E.2d 512, 517 n.2 (S.C. 2000); *State v. Kelsey*, 502 S.E.2d 63, 69 (S.C. 1998) ("'Malice' is the wrongful intent to injure another."). At trial, the Government presented substantial evidence that Lewis and other members of the ESPB entered an agreement to kill the state's witness in order to prevent him from testifying against Lewis on his state armed robbery charges. We find that this evidence – including testimony that Lewis described the intended witness to his co-conspirators and provided logistics as to how they were to kill the intended victim – amply supported a finding of "hatred or ill-will" and the "wrongful intent to injure another." Because Lewis has not shown that his conviction was caused by the erroneous implied malice instruction, we affirm Lewis's Count 1 conviction for conspiracy to commit attempted murder in aid of racketeering activity.

5

Accordingly, we affirm Lewis's convictions on Counts 1 and 2,[2] vacate his conviction on Count 3, vacate his sentence, and remand to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

---

[2] Lewis does not challenge his conviction for conspiracy to commit armed robbery in aid of a racketeering activity, 18 U.S.C. § 1959(a)(6) (Count 2).