**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4771

MARTIN LOUIS JENKINS, a/k/a Martin
Lewis Jenkins, a/k/a Shorty,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-98-396)

Submitted: August 7, 2000

Decided: September 21, 2000

Before MURNAGHAN* and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Wyda, Federal Public Defender, Beth Farber, Assistant Federal
Public Defender, Baltimore, Maryland, for Appellant. Lynne A. Bat-

_____

*Judge Murnaghan was assigned to the panel in this case but died prior
to the time the decision was filed. The decision is filed by quorum of the
panel pursuant to 28 U.S.C. § 46(d).

taglia, United States Attorney, P. Michael Cunningham, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Martin Jenkins challenges his conviction for possession of a firearm in violation of 18 U.S.C.A. § 922(g) (West 2000). He also challenges his sentence as an armed career criminal. See U.S. Sentencing Guidelines Manual § 4B1.4 (1998) (implementing 18 U.S.C.A. § 924(e) (West 2000), requiring minimum sentence of imprisonment of fifteen years for defendant who violates 18 U.S.C.A. § 922(g) and has three prior convictions for violent felony or serious drug offense). We affirm the conviction and sentence.

Jenkins asserts he should have been granted a mistrial because the prosecutor prejudiced the outcome of Jenkins' trial when he referred to Jenkins' "background and record" in questioning a defense witness. We have reviewed the record and find the court did not abuse its discretion in denying the motion for mistrial. Jenkins was not prejudiced by the prosecutor's comment, especially in light of the fact that the jury was already aware that Jenkins was a convicted felon. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988) (holding that reversal based upon improper remarks by prosecutor is merited when remarks were actually improper and when they prejudicially affected defendant's substantial rights so as to deprive him of a fair trial), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995); United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir. 1983) (providing factors court is to consider in determining whether defendant was prejudiced).

Jenkins also argues that due process requires that he be resentenced to a period of ten years' incarceration because the magistrate judge at

2

his arraignment failed to advise Jenkins he might be sentenced as an armed career criminal and instead advised that ten years was the maximum possible sentence. After reviewing the record, we find no due process violation in Jenkins' sentencing. Jenkins was informed before his arraignment of the likelihood that he would be sentenced as an armed career criminal. Furthermore, he has failed to establish that he relied upon the magistrate judge's statement when he entered his plea of "not guilty."

Jenkins has filed a motion for leave to file a supplemental brief in which he asserts his sentence as an armed career criminal was plain error under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). While we grant Jenkins' motion to file a supplemental brief and have considered the argument he raises therein, we find no plain error in this respect. See United States v. Hastings, 134 F.3d 235, 239 (4th Cir.), cert. denied, 523 U.S. 1143 (1998) (stating the test for plain error established by United States v. Olano, 507 U.S. 725, 732 (1993)). For these reasons, we affirm Jenkins' conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3