# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

NIGEL G. GEOHAGEN,
          *Defendant-Appellant.*

No. 99-4530

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-98-399)

Submitted: December 20, 2000

Decided: January 8, 2001

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

John O'Leary, O'LEARY ASSOCIATES, INC., Columbia, South Carolina, for Appellant. J. Rene Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Nigel Geohagen appeals from a seventy-eight month sentence imposed following his guilty plea to conspiracy to possess with the intent to distribute and to distribute powder and crack cocaine, 21 U.S.C.A § 846 (West 1999). Finding no reversible error, we affirm.

Geohagen first challenges the district court's jurisdiction under *Apprendi v. New Jersey*, 530 U.S. \_\_\_, 120 S. Ct. 2348 (2000). Specifically, Geohagen claims that the Government's failure to allege the drug quantity in his indictment deprived the district court of jurisdiction.

The Supreme Court held in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 120 S. Ct. at 2362-63. In *United States v. Angle*, 230 F.3d 113 (4th Cir. 2000) (96-4662), *petitions for rehearing filed* (Oct. 26, 2000), we concluded that if a defendant is sentenced to a term within the statutory maximum, the conviction and sentence do not violate *Apprendi*, notwithstanding the failure to allege a drug quantity in the indictment. Geohagen's sentence falls well within the maximum sentence set forth in 21 U.S.C.A. § 841(b)(1)(C) (West 1999). Accordingly, we find no *Apprendi* violation.

Geohagen next claims that the district court improperly assessed a four-level increase in his base offense level for his role as an organizer or leader in the conspiracy pursuant to *U.S. Sentencing Guidelines Manual* § 3B1.1(a) (1998). Counsel did not object to this enhancement, so we review for plain error. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Hastings*, 134 F.3d 235, 239-40 (4th Cir. 1998). To show plain error, the defendant must establish that there was an error, the error was plain, the error affected the defendant's substantial rights, and the error affected the fairness, integrity, or public reputation of the proceeding. *Olano*, 507 U.S. at 732; *Hastings*, 134 F.3d at 239-40.

To apply an enhancement for a leadership role in a conspiracy, the court must find that the defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." USSG § 3B1.1(a). A defendant who did not lead or organize the conspiracy may nevertheless be subject to a four-level adjustment if he "exercised management responsibility over the property, assets, or activities of a criminal organization." USSG § 3B1.1, comment. (n.2). In deciding whether to apply the enhancement, courts look to such factors as the nature of the defendant's participation in the commission of the offense, whether he recruited accomplices, the degree of his participation in planning or organizing the offense, and the nature and scope of the illegal activity. USSG § 3B1.1 comment. (n.4).

Geohagen does not dispute that there were five or more participants in the conspiracy. He claims, however, that he was simply a low-level drug courier, rather than a leader of the conspiracy. At the sentencing hearing, the prosecuting attorney stated that an FBI agent involved in the investigation said Geohagen was not a controlling member of the conspiracy, which was based in Miami. Although he was not a high level participant in the overall conspiracy, Geohagen was actively involved in the South Carolina branch of the conspiracy. He brought large quantities of cocaine from Miami to South Carolina on numerous occasions, and sold or fronted the cocaine to other people for resale. Geohagen was involved in transporting and/or distributing a total of 9.7 kilograms of cocaine over a two-year period. Although there was little evidence regarding Geohagen's direction of other members of the conspiracy, there was evidence that the conspiracy was wide-ranging, and that he was involved with significant quantities of drugs. Thus, the district court did not plainly err in assessing the four-level adjustment under USSG § 3B1.1(a).

Finally, Geohagen claims that he received ineffective assistance of counsel in the district court because his attorney did not object to the USSG § 3B1.1 sentence enhancement, and because he did not challenge the sufficiency of the indictment. Claims of ineffective assistance are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the record does not clearly show that counsel's performance was defi-

cient, this claim is more properly raised in a motion under 28 U.S.C.A. § 2255 (West Supp. 2000).

We affirm Geohagen's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*