UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                          No. 00-4246

MICHAEL JEROME ORR,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
James C. Cacheris, Senior District Judge.
(CR-98-322-MU)

Submitted: November 30, 2000

Decided: January 9, 2001

Before WILKINS and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Harold J. Bender, BENDER & BARNETT, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Jerome Orr appeals his convictions by a jury for his employment of a firearm in the course of several drug trafficking offenses and a related possession charge. *See* 18 U.S.C. § 924(c) (1994); 18 U.S.C. § 922(x)(2) (1994). Orr was convicted for his role in three separate robberies which left one man dead and two other men with gunshot wounds. On appeal, Orr suggests that the district court erred in imposing sentence on his second and third firearms charges. Orr also contends that the district court committed reversible error in denying his Fed. R. Crim. P. 29 motion for acquittal on those two counts. Additionally, Orr suggests that the district court improperly instructed the jury in describing the charges under § 924(c) as "drug trafficking offenses" and failing to sua sponte instruct the jury on a lesser included offense. Finding no merit to any of Orr's contentions, we affirm his conviction.

Orr first suggests that his conviction and sentence violate the Supreme Court's recent decision in *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000). In *Jones v. United States*, 526 U.S. 227 (1999), the Court held that, under the federal carjacking statute, 18 U.S.C.A. § 2119 (West Supp. 2000), certain penalty-enhancing factors (the existence of death or serious bodily injury) are additional elements of the offense rather than sentencing factors. *Id.* at 251-52. In so finding, the Court relied on the principle that "any fact (other than a prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones*, 526 U.S. at 243 n.6.

In this case, however, Orr's increased penalties for the second and third counts were applicable solely because of the existence of the prior conviction on the employment of the firearm in the first count. 18 U.S.C. § 924(c)(1). Because there were "three separate uses and/or

carryings of the weapons, [Orr] properly received five years for the first use, twenty years consecutive for the second, and twenty years consecutive for the third." *United States v. Camps*, 32 F.3d 102, 106 (4th Cir. 1994). The factor increasing Orr's sentence on the second and third offenses was the "prior conviction" the Supreme Court explicitly exempted from the holding in *Jones* and *Apprendi*. *See Apprendi*, 120 S. Ct. at 2362-63; *Jones*, 526 U.S. at 243 n.6. The district court did not commit error with respect to Orr's increased sentences.

Orr's remaining claims need not detain us for long. There was ample evidence at trial, taken in the view most favorable to the Government, to demonstrate that the robberies Orr perpetrated were "drug robberies" that would satisfy the "drug trafficking offense" element of § 924(c). *See* Fed. R. Crim. P. 29; *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999). As for Orr's claim that the district court erred in instructing the jury, Orr has not demonstrated that the court's description of the offense charged in the indictment, which tracked the statutory language of 18 U.S.C. § 924(c), was in error. Neither has Orr shown plain error in the court's failure to sua sponte issue a lesser included offense instruction. *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998). There is no merit to either of these contentions.

Accordingly, Orr's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*