**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

ROBERT H. BROWN,
          *Defendant-Appellant.*

No. 00-4369

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-99-47)

Submitted: February 28, 2001

Decided: March 23, 2001

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

**COUNSEL**

Audrey Freeman jaCobs, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Stephen W. Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert H. Brown appeals his conviction entered after a bench trial for carrying two firearms and two boxes of ammunition despite being a person convicted of a misdemeanor domestic violence offense in violation of 18 U.S.C.A. § 922(g)(9) (West 2000). Brown, who had been convicted of the requisite predicate offense, was arrested in possession of two firearms and two boxes of ammunition. After a trial, the district court found Brown guilty and sentenced him based on the four counts in the indictment; one count for each firearm and box of ammunition. Brown received fifteen months imprisonment on each count to be served concurrently and a $100 special assessment on each of the four counts of conviction. It is this judgment and sentence from which Brown appeals.

Brown's first assignment of error on appeal need not detain us for long. Brown argues that the Congress exceeded its authority under the Commerce Clause in enacting § 922(g)(9). Brown relies on *United States v. Lopez*, 514 U.S. 549 (1995) (invalidating 18 U.S.C. § 922(q)(1)(A)), and *United States v. Morrison*, 529 U.S. 598 (2000) (invalidating the Violence Against Women Act, 42 U.S.C.A. § 13981 (West Supp. 2000)), in suggesting that § 922(g)(9) is merely a criminal statute that has nothing to do with interstate commerce. As such, Brown contends that Congress overstepped the bounds of the Commerce Clause in enacting the statute. However, the statute contains a specific jurisdictional requirement that the possession be "in or affecting commerce." 18 U.S.C.A. § 922(g). Because of that additional element, lacking in the statutes in question in the authority Brown cites, § 922(g)(9) is an appropriate exercise of Congressional authority under the Commerce Clause. *Gillespie v. City of Indianapolis*, 185 F.3d 693, 704-05 (7th Cir. 1999); *see United States v. Nathan*, 202 F.3d 230, 234 (4th Cir. 2000) (upholding § 922(g)(1)); *United States v. Bostic*, 168 F.3d 718, 723 (4th Cir. 1999) (upholding § 922(g)(8)). Brown's contention on this point is without merit.

Brown suggests for the first time on appeal that the district court erred in convicting him of multiple counts of being a person convicted of a crime of domestic violence in possession of firearms and ammunition. Brown contends that because he possessed the two fire-

arms and two boxes of ammunition "together," he committed only one offense under 18 U.S.C.A. § 922(g)(9). *See United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998)(holding that defendant's "possession of the six firearms and ammunition, seized at the same time from his house, supports only one conviction of 18 U.S.C. § 922(g)"). Because Brown failed to raise this claim before the district court, this Court's review is limited to a search for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732-33 (1993); *United States v. Hastings*, 134 F.3d 235, 239 (4th Cir. 1998). Consequently, Brown "must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *Hastings*, 134 F.3d at 239. Even if the three requirements are met, correction of the error still lies "within the sound discretion of the court of appeals, and the court should not exercise that discretion unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732 (internal citations and quotation marks omitted).

The government concedes that under *United States v. Dunford*, 148 F.3d 385 (4th Cir. 1998), it was error for the district court to convict Brown of multiple offenses based on only one instance of possession of the two firearms and two boxes of ammunition. *Id.* at 390. Given that this Court decided *Dunford* more than two years before Brown's conviction and that there has been no vacillation from its holding, the error was plain. Further, the error affected Brown's substantial rights in that he was subjected to three additional special assessments of $100 each and three additional convictions and concurrent sentences. *See Olano*, 507 U.S. at 734; *Hastings*, 134 F.3d at 240. With respect to the final consideration under *Olano*, we conclude that correcting this error is an appropriate exercise of our discretion.

Accordingly, we affirm one conviction of a violation of 18 U.S.C. § 922(g)(9) and reverse three. Because the district court sentenced Brown on the basis of four courts and thus directed Brown to pay a $100 special assessment for each count, we vacate his sentence and remand this case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED IN PART, REVERSED IN PART,*
*AND REMANDED*