WIDENER, Circuit Judge,
concurring:
I concur in the result and in much of the reasoning of the majority. I write separately to express my opinion that plain error analysis should not have been applied to the district court’s decision to admit Shorty’s statements under Federal Rule of Evidence 801.
The majority holds that Causwell failed to preserve his objection regarding the use of Nigel Geohagen’s (Shorty’s) statements at trial. The record reveals that Causwell immediately objected on hearsay grounds when Agent Cannon referred to a telephone call from Shorty, and the government responded that Shorty was a co-conspirator, which was the position taken by the district court.
Of course, this position was patently erroneous. At the moment Causwell went over to the government, the conspiracy was at an end, and Causwell became an agent of the United States, the same as a narcotics agent. The obviousness of the error is shown in the following colloquy between the defense attorney and the court:
Mr. Mecham: He’s [Shorty’s] not a co-conspirator in this indictment.
The Court: That doesn’t make a difference.
So the objection of Mecham was not only correct, even had it been inartfully *88 phrased, it was well within Rule 103 because it was “apparent from the context within which questions were asked.” Fed. R.Evid. 103(a)(2). It was at once apparent that a statement of Shorty with respect to Causwell, was inadmissible as hearsay because the conspiracy no longer existed.
That being true, the plain error rule should have no application and the case should have been decided under the standard of harmless error. See Fed. R.Crim.P. 52. With respect to harmless error, among other items of evidence, an Horry County officer testified that a car battery filled with cocaine was delivered from Shorty to Causwell; a South Carolina law enforcement division officer testified that “large quantities” of cocaine and crack cocaine were found inside Causwell’s abandoned vehicle; and Causwell admitted to an Horry County officer that he had brought at least 84 kg. of cocaine powder into Horry County. All of this testimony was without contradiction, and I am of opinion the government has borne its burden of proof, showing that Causwell’s substantial rights were not affected by the admission of Shorty’s statements. See United States v. Hastings, 134 F.3d 235, 241 (4th Cir.1998) (noting the standard in harmless error review is that the government has the burden of proving substantial rights were not affected).