PER CURIAM.
Connell Lee Berry appeals a $10,000 forfeiture requirement imposed on him as part of his sentence for three drug offenses. We affirm.
I.
Berry was charged with conspiring to distribute and to possess with the intent to distribute more than 50 grams of cocaine base, see 21 U.S.C.A. § 846 (West 1999) (Count One); distributing more than 50 grams of cocaine base, see 21 U.S.C.A. § 841(a)(1) (West 1999) (Count Two); and distributing more than five grams of cocaine base, see id. (Count Three). The indictment also contained a notice alleging the Government was entitled to forfeiture of at least $10,000 of Berry’s assets. See Fed.R.Crim.P. 32.2(a).
Berry pled guilty to all three counts without a plea agreement. The Government then proffered that Berry’s offenses included the sale of 56.4 grams of cocaine *746 base for $1,800 and the sale of 12.9 grams of cocaine base for $475. Later the same day, the district court entered an order documenting the forfeiture of $10,000 to the United States. The district court clerk subsequently entered a judgment against Berry for the $10,000 forfeiture.
The district court sentenced Berry to 120-month terms of imprisonment on Counts One and Two and a 108-month term on Count Three, all to be served concurrently. The court also imposed concurrent five-year terms of supervised release and ordered Berry to pay a $5,000 fine. Although the fine amount was below the $15,000-to-$10,000,000 range prescribed by the guidelines, see United States Sentencing Guidelines Manual § 5E1.2(e) (2002); 21 U.S.C.A. § 841(b)(1)(A), (B) (West 1999 & Supp. 2004), the court found that Berry would not be able to satisfy a fine in the guideline range. The district court also ordered that as a special condition of Berry’s supervised release, he would forfeit the property specified in the forfeiture order.
II.
Berry contends that the district court erred in ordering him to forfeit $10,000 in the absence of evidence linking assets in that amount to his drug trafficking crimes. He concedes that he never objected to the order and thus that we should conduct plain error review.[1]
Our authority to correct forfeited errors is granted by Federal Rule of Criminal Procedure 52(b), which provides that “[a] plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.” In order to establish our authority to notice an error not preserved by timely objection, Berry must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Even if Berry can satisfy these requirements, correction of the error remains within our discretion, which we “should not exercise ... unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings.” Id. (internal quotation marks & alteration omitted).
Here, even if we assume that ordering the forfeiture constituted plain error, Berry cannot demonstrate that the error affected his substantial rights, ie., that it was prejudicial. See id. at 734, 113 S.Ct. 1770; United States v. Hastings, 134 F.3d 235, 240 (4th Cir.1998) (explaining that an error is prejudicial when it “actually affected the outcome of the proceedings”). That is so because the amount of the fine imposed was based on Berry’s ability to pay, and the fine and the forfeiture were part of the single, integrated sentence. Berry has failed to show that any reduction in the amount of the forfeiture would not simply have resulted in a commensurate increase in the amount of the fine imposed.[2]
*747 III.
In sum, because Berry has failed to show that he was prejudiced by the issuance of the forfeiture order he challenges, we affirm.

AFFIRMED.

. The Government maintains that Berry waived review of the forfeiture order by virtue of his guilty plea and his failure to contest the Government’s forfeiture allegation. The Government therefore contends that we should not review the forfeiture order even for plain error. In light of our conclusion that Berry cannot satisfy the plain error requirements, we do not address this waiver argument.

. We note that even were we to hold that Berry demonstrated plain error affecting his substantial rights, we would decline to exercise our discretion to notice the error under the specific facts of this case. Berry was aware of the forfeiture order and was the person best positioned to know whether it was based in fact, yet he did not challenge it when given the opportunity; the forfeiture did not violate the Excessive Fines Clause of *747 the Eighth Amendment; and, Berry will be able, via 28 U.S.C.A. § 2255 (West Supp. 2004) motion, to challenge his counsel’s failure to object.