**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 04-4119**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY LEE CODY,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (CR-02-33-V)

―――――――――――

Submitted: August 31, 2005          Decided: September 26, 2005

―――――――――――

Before WILKINSON, LUTTIG, and GREGORY, Circuit Judges.

―――――――――――

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

―――――――――――

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel Hill, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Amy E. Ray, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Lee Cody appeals from his conviction and 210-month sentence imposed for conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2000). Cody raises three issues on appeal: (1) whether the district court erred in instructing the jury that to determine possession of methamphetamine, it could consider evidence of close physical proximity to methamphetamine; (2) whether the district court plainly erred in failing to instruct the jury on multiple conspiracies; and (3) whether his sentence is erroneous in light of United States v. Booker, 125 S. Ct. 738 (2005). We find no error in the conviction and affirm it, however we vacate and remand the sentence for further proceedings.

This court reviews jury instructions for abuse of discretion. United States v. Ruhe, 191 F.3d 376, 385 (4th Cir. 1999). The district court's instructions will be upheld "provided the instructions, taken as a whole, adequately state the controlling law." Teague v. Bakker, 35 F.3d 978, 985 (4th Cir. 1994). The challenged jury instruction involved possession of methamphetamine. The Government must prove beyond a reasonable doubt that the defendant (1) knowingly (2) possessed the controlled substance (3) with the intent to distribute it. United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996). Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th

Cir. 1992).  "A person has constructive possession of a narcotic if he knows of its presence and has the power to exercise dominion and control over it."  United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).  Possession need not be exclusive but may be joint and "may be established by direct or circumstantial evidence."  Id.

This court has held that "where other circumstantial evidence . . . is sufficiently probative, proximity to contraband coupled with inferred knowledge of its presence will support a finding of guilt on such charges."  United States v. Laughman, 618 F.2d 1067, 1077 (4th Cir. 1980).  Further, having ownership, dominion, or control over the premises or vehicle where contraband is concealed is constructive possession.  United States v. Armstrong, 187 F.3d 392, 396 (4th Cir. 1999).

The relevant instruction by the district court was:

> If you find beyond a reasonable doubt that methamphetamine was found in close proximity to the defendant that would be a circumstance from which, together with other circumstances, you may infer that the defendant was aware of the presence of it and had the power and intent to control its disposition or use.

The district followed by instructing that physical proximity was not enough to establish possession:

> [T]he defendant's physical proximity, if any, to the methamphetamine, does not by itself permit an inference that the defendant was aware of its presence or had the power or intent to control its disposition or use.  Such an inference may be drawn only from this and any other circumstances which are shown from the evidence beyond a reasonable doubt.

We conclude that the challenged instruction was consistent with the law in this Circuit on constructive possession and that the court's further instruction made it clear that proximity to the contraband alone could not establish constructive possession. We therefore hold that the district court did not abuse its discretion in overruling the objection to the instruction.

Next, Cody contends that the district court erred by not instructing the jury on multiple conspiracies. Because Cody did not request a jury instruction regarding multiple conspiracies, review of the failure to give a jury instruction is for plain error. United States v. Richerson, 833 F.2d 1147, 1155-56 (5th Cir. 1987). Under the plain error standard, Cody must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. United States v. Olano, 507 U.S. 725, 732 (1993). If the three elements are met, the court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (internal quotation marks omitted).

Even if there was plain error, Cody must show that the error affected his substantial rights. The burden is on Cody to demonstrate that the plain error "actually affected the outcome of the proceedings." United States v. Hastings, 134 F.3d 235, 240

- 4 -

(4th Cir. 1998). Thus, he must show that the jury convicted him of the conspiracy count because of the plain error. United States v. Godwin, 272 F.3d 659, 680 (4th Cir. 2001). "[I]n order for the defense to establish that the jury misinstruction altered the outcome of the trial, it had to show that the proper instruction, on the same evidence, would have resulted in acquittal, or at the very least a hung jury." United States v. Nicolaou, 180 F.3d 565, 570 (4th Cir. 1999).

This court has held that "[a] multiple conspiracy instruction is not required unless the proof at trial demonstrates that appellants were involved only in separate conspiracies unrelated to the overall conspiracy charged in the indictment." United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000) (internal quotation marks omitted). Cody argues that because several of the Government's witnesses did not mention or rarely mentioned Cody's co-conspirators charged in the indictment, that he could not have been part of the conspiracy charged. However, each co-conspirator need not know each other in order for all of them to be engaged in a single conspiracy. See United States v. Crockett, 813 F.2d 1310, 1317 (4th Cir. 1987); see also United States v. Gray, 47 F.3d 1359, 1368 (4th Cir. 1995). Rather, the touchstone analysis is whether there is an "overlap of key actors, methods, and goals." United States v. Strickland, 245 F.3d 368, 385 (4th Cir. 2001) (internal quotation marks and citation omitted).

Here, Cody admitted to knowing most of the people frequently mentioned in the conspiracy. He was connected to several co-conspirators by the testimony from his buyers and supplier. Thus, he cannot prove that he was in a separate conspiracy unrelated to the overall conspiracy charged in the indictment, see Squillacote, 221 F.3d at 574, and we conclude that Cody has not carried his burden to demonstrate plain error in the district court's failure to give a multiple conspiracies instruction.

Finally, Cody argues that the district court enhanced his sentence based upon facts not submitted to the jury or proven beyond a reasonable doubt. Because Cody did not raise this issue at sentencing, his sentence is reviewed for plain error. United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) (citing Olano, 507 U.S. at 731-32). The Supreme Court held in Booker, 125 S. Ct. at 746, 750, that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.

Because Cody received a higher sentence than would have been permissible based only on the jury's findings, we vacate and remand his sentence for resentencing under an advisory guidelines

system.[*]  See Hughes, 401 F.3d at 547-49, 555-56 (finding that Hughes had satisfied all three prongs of the plain error test set forth in Olano, 507 U.S. at 732, when he was sentenced to a sentence substantially longer than the sentence permitted based purely on the facts found by a jury, and that the court should exercise its discretion to recognize the error).

Although the guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767.  Sentencing courts should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546. The court should consider the Guideline range, along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that sentence falls outside the Guideline range, the court should explain its reasons for departure as required by 18 U.S.C.A. § 3553(c)(2) (West Supp. 2004).  Id.  The sentence must be "within the statutorily prescribed range and  . . . reasonable." Id. at 546-47.

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Appellant's sentencing. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

We therefore affirm Cody's conviction and vacate his sentence and remand for further proceedings consistent with <u>Booker</u> and <u>Hughes</u>.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>VACATED AND REMANDED IN PART</u>