**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4374**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MAURICE PICKENS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, District Judge. (CR-04-477)

———————

Submitted: July 24, 2006          Decided: September 26, 2006

———————

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James T. McBratney, Jr., Florence, South Carolina, for Appellant. Alfred William Walker Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Maurice Pickens pled guilty without the benefit of a plea agreement to charges of: (1) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(b) (2000); (2) using and carrying a firearm during and in relation to, and possession of a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(2) (2000); and (3) possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2000). The district court sentenced Pickens to the minimum penalty provided for by statute, concurrent 120-month sentences on the first and third counts, and a consecutive 60-month sentence on the second count, for a total of 180 months' imprisonment.

Pickens appeals. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues upon which to appeal but seeking this court's review of Pickens' guilty plea, specifically the effect of the district court's misstatement at the guilty plea hearing concerning the drug quantity charged in the indictment's first count. That count charged Pickens with possession with intent to distribute five or more grams of cocaine base. During the Fed. R. Crim. P. 11 colloquy, however, the district court informed Pickens the quantity charged in the indictment was fifty or more grams of cocaine base.

- 2 -

Counsel asserts the misstatement denied Pickens the opportunity to weigh accurately the risks and benefits of a trial.

Because Pickens raises this issue for the first time on appeal, we review for plain error. See Fed. R. Crim. P. 52(b). Four conditions must be met before we will notice plain error: (1) there was error; (2) the error was plain under current law; (3) the error affects substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Olano, 507 U.S. 725, 733-37 (1993). In the guilty plea context, to prove that an error is substantial, the defendant must show that, but for the error, he would not have pled guilty. United States v. Martinez, 277 F.3d 517, 532 (4th Cir. 2002).

Here, while the district court misstated the quantity of drugs for which Pickens was to be held responsible, it accurately stated the penalty that Pickens would face for the offense, which Pickens indicated he understood. Thus, Pickens knowingly and voluntarily entered his guilty plea with an understanding of its consequences. See United States v. Wood, 378 F.3d 342, 349 (4th Cir. 2004). Consequently, Pickens' substantial rights were not affected by the district court's misstatement.

Pickens has filed a pro se supplemental brief, in which he raises three issues. Because Pickens did not raise these issues

- 3 -

below, we review them for plain error. See Olano, 507 U.S. at 732-34.

First, Pickens claims he is actually innocent on the second count, despite his guilty plea. Pickens admitted that the police seized drugs and two firearms, over which he held dominion and control, from his bedroom. The district court properly found a factual basis for the guilty plea and that he pled guilty knowingly and intelligently. As Pickens' guilty plea was valid, he waived all antecedent nonjurisdictional defects, including claims of actual innocence. Tollett v. Henderson, 411 U.S. 258, 266-67 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Next, Pickens claims the district court did not properly comply with 21 U.S.C. § 851(b) (2000), because it failed to ask whether Pickens admitted or denied a 1989 felony conviction for possession with intent to distribute cocaine base, as alleged in the Government's information filed pursuant to § 851. However, as was noted in the presentence report and at the sentencing hearing, the Government's information mischaracterized Pickens' prior felony conviction; in fact, he had been convicted of possession of cocaine base. At the sentencing hearing, Pickens readily admitted to this prior felony conviction.

Pickens "must prove that error 'actually affected the outcome of the proceedings.'" United States v. Ellis, 326 F.3d 593, 599 (4th Cir. 2003) (quoting United States v. Hastings, 134

F.3d 235, 240 (4th Cir. 1998)). We find he demonstrates neither that the district court erred by failing to question him concerning a legally immaterial detail of his prior felony conviction that all contemporaneously acknowledged was incorrect, nor that any such error would have affected the outcome of the sentencing proceeding.

Finally, Pickens claims the district court should have afforded him the benefit of the "safety valve" provision when imposing sentence. See 18 U.S.C. § 3553(f) (2000); U.S. Sentencing Guidelines Manual (USSG) § 5C1.2 (2003). Under this provision, a defendant who provides timely and truthful information about his offenses to the Government may be sentenced without regard to statutory mandatory minimums, if he meets all the requirements set forth in the statute. 18 U.S.C. § 3553(f) (2000); USSG § 5C1.2; United States v. Beltran-Ortiz, 91 F.3d 665, 667 (4th Cir. 1996). However, Pickens was clearly ineligible for this "safety valve" provision in light of his firearm conviction pursuant to § 924(c). See 18 U.S.C. § 3553(f)(2) (2000) (requiring that "the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense"); USSG § 5C1.2(a)(2) (same).

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the

Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED