**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4564

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RUSSELL FLOYD FRESHOUR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00235)

Submitted:  May 25, 2007                    Decided:  August 23, 2007

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed in part, and vacated and remanded in part by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, P.C., Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Floyd Freshour was found guilty by a jury of manufacturing and possessing with intent to distribute fifty grams of more of methamphetamine and was sentenced to 210 months of imprisonment. On appeal, Freshour argues: (1) there was insufficient evidence that he possessed with intent to distribute fifty grams of actual methamphetamine; (2) because of the Government's failure to prove he distributed fifty grams of actual methamphetamine, he should be resentenced; and (3) his Sixth Amendment rights were violated because he was sentenced based on facts not found by the jury or admitted by him. See United States v. Booker, 543 U.S. 220 (2005). For the reasons that follow, we affirm Freshour's conviction but vacate his sentence and remand for resentencing.

Regarding Freshour's first issue, the Government concedes that the evidence was insufficient to support the drug weight element of Freshour's offense but argues that the error was harmless as he was sentenced below the statutory maximum for the offense with no drug weight. In order to sentence a defendant pursuant to 21 U.S.C.A. § 841(b)(1)(A) or (B) (West 2000 & Supp. 2007), for a Schedule I or II drug (here methamphetamine), the specific threshold quantity must be treated as an element of an aggravated drug trafficking offense, i.e., charged in the indictment and proved to the jury beyond a reasonable doubt.

<u>United States v. Promise</u>, 255 F.3d 150, 156-57 (4th Cir. 2001); <u>see</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). Otherwise, the defendant must be sentenced within the twenty-year statutory maximum contained in § 841(b)(1)(C). <u>Promise</u>, 255 F.3d at 156, 157 n.7. Because Freshour was sentenced below the statutory maximum, we find that the Government has demonstrated that the error was harmless. <u>See</u> Fed. R. Crim. P. 52(a) (stating standard); <u>United States v. Hastings</u>, 134 F.3d 235, 240-41 (4th Cir. 1998) (same). Thus, we affirm Freshour's conviction.

Regarding the second issue, the Government agrees with Freshour that there is a dearth of record evidence that he possessed with intent to distribute fifty grams of actual methamphetamine. The Government therefore also seeks resentencing on this basis. The Government notes that although there was ample evidence that Freshour distributed large amounts of methamphetamine, record evidence only shows that he was responsible for approximately forty grams of <u>actual</u> methamphetamine. (Appellee's Br. at 10, 15-16). Thus, in accordance with the parties' position, we vacate and remand Freshour's sentence and instruct the district court to resentence him in accordance with this opinion.

Finally, because we vacate his sentence and remand for resentencing, we decline to address Freshour's third issue: that he was sentenced in violation of the Sixth Amendment. We dispense

with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
