**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4681**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RUSSELL FLOYD FRESHOUR,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Lacy H. Thornburg, District Judge.  (1:05-cr-00235-LHT-DLH-1)

Submitted:  September 29, 2009      Decided:  October 15, 2009

Before NIEMEYER, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David G. Belser, BELSER & PARKE, Asheville, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Floyd Freshour was found guilty of manufacturing and possessing with intent to distribute fifty grams or more of methamphetamine and was sentenced to 210 months of imprisonment in 2006. This court affirmed Freshour's conviction on appeal but remanded for resentencing. See United States v. Freshour, 235 F. App'x 193 (4th Cir. 2007). On remand, the court found Freshour responsible for forty grams of actual methamphetamine, recalculated his Sentencing Guidelines range as 168-210 months of imprisonment, and imposed a within-Guidelines range sentence of 180 months.

Freshour again appeals, raising the following issues: (1) whether evidence was sufficient to establish by a preponderance of the evidence that he manufactured or possessed with intent to distribute at least forty grams of actual methamphetamine for purposes of sentencing, and (2) whether the district court violated his Sixth Amendment rights by increasing his sentence by facts and an enhancement found only by the judge, which were not pled in the indictment or found by the jury beyond a reasonable doubt. For the reasons that follow, we affirm.

First, we find no clear error in the district court's conclusion that Freshour was responsible for forty grams of actual methamphetamine. See United States v. McDonald, 61 F.3d

2

248, 255 (4th Cir. 1995) (providing review standard for quantity of drugs attributable to a defendant for sentencing). The record reveals Freshour's extensive manufacturing and distributing of the drug over an extended period of time, which supports the court's factual findings on the matter.

Second, the district court's calculation of Freshour's advisory sentencing range and imposition of a sentence within the statutory maximum does not offend the Sixth Amendment, as he was sentenced below the statutory maximum for the offense with no drug weight. See 21 U.S.C.A. § 841(b)(1)(C) (West Supp. 2009) (twenty-year maximum punishment for an unspecified amount of methamphetamine); Rita v. United States, 551 U.S. 338, 347 (2007) (holding that "a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines"); United States v. Booker, 543 U.S. 220, 244-45 (2005) (noting that Sixth Amendment error occurs where the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant).

Accordingly, both of Freshour's claims fail on appeal and we affirm his sentence. We dispense with oral argument as the facts and legal contentions are adequately presented in the

3

materials before the court and argument would not aid the decisional process.

AFFIRMED