<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4145**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TODD ANDREW BRATTAIN,

Defendant - Appellant,

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, District Judge. (2:07-cr-00093-1)

Submitted: October 14, 2008        Decided: October 16, 2008

Before KING, GREGORY, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael R. Cline, MICHAEL R. CLINE LAW OFFICES, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, R. Booth Goodwin, II, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Todd Andrew Brattain pled guilty pursuant to a plea agreement to three counts of bank robbery, in violation of 18 U.S.C. § 2113 (2000), and one count of carrying a short-barreled rifle during a crime, in violation of 18 U.S.C. § 924(c)(1)(a) (2000). Brattain was sentenced to seventy months in prison on each of the robbery counts, all terms to run concurrently, and 120 months on the firearm count, to run consecutive to the robbery sentence. Brattain challenges only the reasonableness of his sentence, arguing that the district court should only have sentenced him to 120 months and not the combined 190-month sentence. Finding no error, we affirm.

This court reviews a sentence imposed by a district court for reasonableness, generally applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the Sentencing Guidelines range; (2) treat the Guidelines as advisory; (3) consider the factors set out in 18 U.S.C. § 3553(a) (2000); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473-74. We presume that a sentence within the properly calculated Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69

2

(2007) (upholding application of rebuttable presumption of correctness of within-Guidelines sentence).

Because Brattain did not object to the district court's sentence, however, his claim is reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). "In reviewing for plain error, our initial inquiry is whether an error occurred." United States v. Hastings, 134 F.3d 235, 239 (4th Cir. 1998). We conclude that it did not.

Here, the district court properly calculated and considered Brattain's advisory Guidelines range, appropriately treating the Guidelines as advisory, and weighed the relevant § 3553(a) factors, sentencing Brattain to the bottom of his Guidelines range for the robbery counts. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Additionally, the district court was statutorily required to impose at least the 120-month mandatory minimum sentence on the firearm charge, and to run that sentence consecutive to the robbery sentence. See 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(D)(ii) (2000); see also United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is *per se* reasonable.") (emphasis in original). Thus, we find that the district court did not err in sentencing Brattain.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED