WYNN, Circuit Judge,
concurring in result only as to Part II.B.:
Defendant Harold Pitt challenges his convictions for mail fraud in connection with a real estate sale, arguing that the jury instructions were improper under Skilling v. United States, — U.S. —, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010). Because I agree that the instructions were indeed plainly erroneous, I, too, conclude that Defendant’s convictions must be vacated.
I.
18 U.S.C. § 1341 prohibits the use of the mail to further “any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises.... ” 18 U.S.C. § 1346 defines “scheme or artifice to defraud” to include “a scheme or artifice to deprive another of the intangible right of honest services.”
In Skilling, the Supreme Court held that “honest services fraud” covers only bribery and kickback schemes. Skilling, 130 S.Ct. at 2928, 2931. In so doing, the Supreme Court rejected the argument that “honest services” should encompass conflict-of-interest cases involving “undisclosed self-dealing by a public official or private employee — i.e., the taking of official action by the employee that furthers his own undisclosed financial interests while purporting to act in the interests of those to whom he owes a fiduciary duty.” Id. at 2932 (quotation marks omitted). Because the defendant in Skilling had been convicted by a general verdict after the jury was instructed on alternative theories of guilt, one of which was invalid, the Supreme Court reversed the conviction. Id. at 2934 (citing Yates v. United States, 354 U.S. 298, 312, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957) (“[A] verdict [must] be set aside in cases where the verdict is supportable on one ground, but not on another, and it is impossible to tell which ground the jury selected.”)).
Skilling applies to this case. While it postdates Defendant’s trial, it was decided during the pendency of his direct appeal and thus before his case was final. See Griffith v. Kentucky, 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) (“[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final....”).
Defendant’s indictment did not allege, and the Government did not present any evidence, that Defendant participated in any bribery or kickback schemes. Further, the district court instructed the jury that it could convict Defendant on an honest services theory of fraud without limiting the application of that theory to bribery or kickback schemes. In so doing, the district court erred. See Skilling, 130 S.Ct. at 2928, 2931. And because the jury returned a general verdict, one cannot easily discern whether the verdict rested on the invalid honest services theory or on the valid pecuniary fraud theory.
When a jury is instructed on alternative theories of criminal liability and returns a general verdict of guilty that might have rested on an invalid theory, it constitutes constitutional error. See Yates, 354 U.S. at 311-12, 77 S.Ct. 1064. While Defendant’s convictions suffer from such error, “errors of the Yates variety are subject to harmless-error analysis.” Skilling, 130 S.Ct. at 2934. Generally, to determine *795 whether a Yates error is harmless, “the relevant appellate inquiry is whether the error was harmless beyond a reasonable doubt.” United States v. Jefferson, 674 F.3d 332, 361 (4th Cir.2012).
However, Rule 30 of the Federal Rules of Criminal Procedure mandates that “[a] party who objects to any portion of the instructions ... must inform the court of the specific objection and the grounds for the objection before the jury retires to deliberate.” Fed.R.Crim.P. 30(d). Rule 30 is mitigated by Rule 52, which allows this Court to nevertheless review for plain error. Fed.R.Crim.P. 52(b). Because Skilling was not handed down until after Defendant’s trial, Defendant, not surprisingly, failed to object to the now-clearly erroneous honest services instruction. Nevertheless, the Supreme Court has held that the plain error standard applies even in cases where the relevant rule of law was not established until after trial. See Johnson v. United States, 520 U.S. 461, 464-66, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). We must, therefore, review this issue through the plain error lens.
To demonstrate plain error, an appellant must show that (1) there was error, (2) the error was plain, (3) the error affected his substantial rights, and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. Id. at 467, 117 S.Ct. 1544 (citing United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). And as to Yates errors specifically, this Court has held that a defendant who failed to preserve his objection to a flawed instruction “must demonstrate that the erroneous instruction given resulted in his conviction, not merely that it was impossible to tell under which [theory] the jury convicted.” United States v. Robinson, 627 F.3d 941, 954 (4th Cir.2010) (quotation marks and alterations omitted).
II.
Applying the law to this case, Defendant has met the first two Olano prongs. The district court improperly instructed the jury as to honest services fraud. Further, that error is plain: Skilling makes clear that jury instructions such as those given here, which allow a jury to convict under an honest services theory in the absence of bribery or kickbacks, are constitutionally infirm. Skilling, 130 S.Ct. at 2931. That the error may not have been plain at the time of trial is irrelevant: “[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal — it is enough that an error be ‘plain’ at the time of appellate consideration.” Johnson, 520 U.S. at 468, 117 S.Ct. 1544.
Further, the error substantially affected Defendant’s rights. Generally, for an error to affect a defendant’s substantial rights, it “must have been prejudicial: It must have affected the outcome of the district court proceedings.” Olano, 507 U.S. at 734, 113 S.Ct. 1770. Further, because we are limited to reviewing for plain error, Defendant must show that “the erroneous instruction given resulted in his conviction-” Robinson, 627 F.3d at 954 (quotation marks and alterations omitted).
I believe that the erroneous instruction indeed resulted in Defendant’s conviction. The Government’s case focused on honest services fraud, and specifically the theory that Defendant abused his position as the chairman of HAWS and deprived the public of his honest services by failing to disclose that he had a conflict of interest in the Lansing Ridge sale. In its closing argument, the Government plainly stated that “[t]he heart of this case is this idea of public duty. It’s called in the federal criminal statutes that the judge is going to instruct you on honest services, the duty of honest services.” J.A. 1260. The Govern *796 ment then repeatedly told the jury that the Government did not need to prove that Defendant engaged in pecuniary fraud to get a conviction. For example, the Government told the jury:
Public officials and public employees inherently owe a duty to the public to act in the public’s best interest and Judge Howard, when he reads the instructions, he will say, if instead, the official or employee acts or makes a decision based on personal interest such as receiving a personal benefit from an undisclosed conflict of interest, the official or employee has violated the duty to provide honest services to the public even though the public agency involved may not suffer any monetary loss in the transaction. The crime is the violation of the duty.
J.A. 1262. This contrasts starkly with Skilling, in which the Government “mentioned the honest-services theory in relation to Skilling only once” — in its rebuttal closing argument — and “never argued that the jury should convict Skilling solely on the honest-services theory....” United States v. Skilling, 638 F.3d 480, 483 (5th Cir.2011).
Further, and crucially, when the district court actually charged the jury here, it spent a substantial amount of time explaining to the jury the now-invalid honest services theory. By contrast, the district court barely mentioned the still-valid pecuniary fraud theory — together with a mention of the now-invalid honest services theory:
[F]or you to find Mr. Pitt guilty of mail fraud in count six or seven, you must be convinced that the government has proved each element beyond a reasonable doubt: First, that Mr. Pitt knowingly devised or participated in a scheme to fraudulently deprive the public and the Housing Authority of Winston-Salem of money, property, or of the intangible right of honest service....
J.A. 1338.
Nowhere in its charge did the district court explain or expound upon, in conjunction with the mail fraud counts, the pecuniary fraud theory.'
Moreover, while Defendant was indicted and tried on multiple other charges for wire fraud and money laundering, he was not convicted on a single one. On all of those other counts, which specifically involved the transfer of funds, the jury could not reach a verdict. That contrasts starkly with cases cited by the dissent, in which contemporaneous convictions on additional and related charges ameliorated the problem of the infirm honest services charge. For example, in Jefferson, 674 F.3d 332, this Court confronted a Skilling problem in a jury charge for conspiracy to commit honest services wire fraud. But because the jury had also convicted the defendant on two bribery counts, and the circumstances surrounding the bribery offenses and the conspiracy were the same, the Skilling error was harmless. Id. at 362.
Similarly, in United States v. Hastings, 134 F.3d 235, 242 (4th Cir.1998), also a plain error case, this Court emphasized that “[a] reviewing court must attempt to ascertain what evidence the jury necessarily credited in order to convict the defendant under the instructions given. If that evidence is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.” The Court then determined that “in making the factual finding necessary to convict under the erroneous instruction, the jury necessarily found facts establishing” the elements of the validly instructed offense. Id. Under such circumstances, this Court held that the defendant could not establish plain er *797 ror. Id. See also United States v. Rodrigues, 678 F.3d 693, 701 (9th Cir.2012) (“[T]he Court determines that in light of the jury’s verdict, as affirmed by the Ninth Circuit, it is clear that the jury had to have found that Petitioner engaged in a kickback scheme.”); United States v. Coppola, 671 F.3d 220, 238 n. 12 (2d Cir.2012) (deeming Yates error “harmless under any conceivable standard” where proof of the invalid theory “necessarily establishes the facts required to show” the valid theory).
While the Hastings jury’s conviction necessarily captured the factual findings needed for a valid conviction, the same cannot be said in this case. Indeed, the jury was told repeatedly that it need not find pecuniary fraud to convict Defendant of the mail fraud charges — and nothing indicates that the jury made any such pecuniary fraud finding.
This case also contrasts starkly with United States v. Joshua, 648 F.3d 547 (7th Cir.2011), also cited in the dissent. In Joshua, “special verdicts unambiguously reveal[ed] that the jury accepted both of the prosecution’s theories: honest services fraud, and a conventional fraudulent scheme to obtain money. The latter form of mail fraud is untouched by Skilling and remains illegal. Thus, even if honest services fraud is erased from the picture, the jury would have convicted on the monetary fraud theory.” Id. at 553 (citation omitted). Here, by contrast, there were no special verdicts, and nothing indicates that the jury would have convicted Defendant on a pecuniary fraud theory.
On the contrary, the jury was repeatedly told that it need not worry about pecuniary fraud to convict Defendant of mail fraud. The jury was then barely instructed on pecuniary fraud as to the mail fraud charges. Instead, it was instructed extensively on the now-defunct honest services theory and told that a conflict of interest was enough to convict. The jury proceeded to convict Defendant of only mail fraud and not of any of the other charges, all of which involved financial transactions. And substantial evidence before the jury spoke to Defendant’s conflict of interest, regardless of whether he defrauded HAWS or anyone else of money or property. For example, trial testimony made clear that: Defendant, who served as chairman of the HAWS Board of Commissioners, was a fiduciary and had an obligation to disclose conflicts of interest and avoid acquiring an interest in a housing project; Defendant moved to authorize HAWS to enter into negotiations to purchase Lansing Ridge without disclosing his interest in that property or his role in EPD; and Defendant allowed the Lansing Ridge purchase to occur without informing anyone of his conflict or even securing HAWS board approval for the purchase or the related loans. Under all of these circumstances, I conclude that the third Olano prong is met, that the jury convicted Defendant on the defunct honest services theory, and that the related instructional error affected Defendant’s substantial rights.
Finally, regarding the fourth Olano prong, I believe that the plainly erroneous jury instructions seriously affected the fairness and integrity of Defendant’s judicial proceedings. Indeed, as Skilling indicates, any jury instruction that fails to properly limit the reach of honest services fraud to bribery or kickback schemes runs afoul of the Due Process Clause, depriving a defendant of his constitutional rights. See Skilling, 130 S.Ct. 2896.
III.
In sum, the district court committed plain (even if, at the time, understandable) error when it instructed the jury that it could convict Defendant of mail fraud based on an honest services theory in the absence of allegations and evidence of *798 bribes or kickbacks. I therefore agree that Defendant’s mail fraud convictions must be vacated.